474 So.2d 237 (1985)
CITY OF PEMBROKE PINES, Appellant,
v.
Bonnie ATLAS, Appellee.
No. 84-631.
District Court of Appeal of Florida, Fourth District.
January 4, 1985.
Rehearing Denied September 11, 1985.
*238 Gary M. Farmer of Gary M. Farmer, P.A., Fort Lauderdale, and Steven L. Josias of Josias & Goren, Fort Lauderdale, for appellant.
Philip Michael Cullen, III, Fort Lauderdale, for appellee.
PER CURIAM.
Appellant's contention that a plaintiff must allege compliance with the notice provision of section 768.28(6), Florida Statutes (1983) in order to vest the circuit court with subject matter jurisdiction of a tort suit against a municipality is without merit. This allegation is a condition precedent to suit, Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979), which must be pled to state a cause of action, but which may be waived by a defendant, City of Jacksonville Beach v. Duncan, 392 So.2d 25, 26 (Fla. 1st DCA 1981), petition for review denied, 399 So.2d 1141 (Fla. 1981); Hutchins v. Mills, 363 So.2d 818 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1386 (Fla. 1979). We hold that appellant waived the defect in the pleadings under the facts of this case.
Appellant, however, correctly asserts its right to jury trial on damages. Barge v. Simeton, 460 So.2d 939 (Fla. 4th DCA 1984); Jayre, Inc. v. Wachovia Bank & Trust Co., 420 So.2d 937 (Fla. 3d DCA 1982).
We reverse and remand for jury trial upon the question of damages only.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
ANSTEAD, C.J., and LETTS and DELL, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Appellee's motion for rehearing is denied. State v. Green, 105 So.2d 817 (Fla. 1st DCA 1958), cert. discharged, 112 So.2d 571 (Fla. 1959). Although appellant's motion is also without merit, it has directed our attention to a matter which requires clarification of our earlier opinion.
Appellee failed to include in her complaint an allegation that she had complied with the notice provisions of Section 768.28, Florida Statutes (1983). We held that appellant had waived that defect "under the facts of this case." Appellant suggests that this holding conflicts with Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983), in which the Supreme Court held that the statute must be strictly construed. Levine, however, did not overrule Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979), in which the Supreme Court held that compliance with section 768.28(6) is a condition precedent to suit. The crucial "facts of this case" are that appellant, with knowledge of the claim and with knowledge of the suit, failed to raise the pleading defect until after entry of final judgment. The only defense available to appellant which survived the post-judgment motion proceedings was lack of subject matter jurisdiction. Rule 1.140(h), Fla.R.Civ.P.; see Atlas v. City of Pembroke Pines, 441 So.2d 652 (Fla. 4th DCA 1983), petition for review denied, 450 So.2d 485 (Fla. 1984). We hold that appellee's failure to allege compliance with the statutory notice provision did not deprive the circuit court of subject matter jurisdiction because such an allegation is not an element necessary to the existence of subject matter jurisdiction.
Appellant's motion for rehearing is denied.
ANSTEAD, LETTS and DELL, JJ., concur.