490 So.2d 120 (1986)
Gloria MELI, Appellant,
v.
DADE COUNTY SCHOOL BOARD, Appellee.
No. 84-2786.
District Court of Appeal of Florida, Third District.
May 6, 1986.
Rehearing Denied June 27, 1986.
Gilmour, Morgan & Rosenblatt and Robert A. Rosenblatt, Miami, for appellant.
Peters, Pickle, Flynn & Niemoeller, and Donna S. Catoe, Miami, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
*121 FERGUSON, Judge.
Plaintiff, a mother suing on behalf of her minor child, contends in this appeal that (1) the notice which must be given a sovereign, pursuant to section 768.28(6), Florida Statutes (1985), before the sovereign can be sued in tort is waivable, and (2) a genuine issue of fact was presented as to whether the statutory notice was waived precluding summary judgment. We agree with both contentions and reverse the judgment.
For the purposes of summary judgment the facts show that on October 6, 1976, the child, Elena Meli, was injured while participating in physical education class activities at school. A week later plaintiff's attorney, Alan Baybick, sent written notice of the accident to the superintendent of schools, the county manager and the school board's insurer.[1] Bruce Moore, a claims representative for the school board's insurer, sent Baybick a letter dated August 27, 1979, indicating that the claim was being investigated. Two days later Baybick called the insurer and was told by Moore that the investigation was complete and that the insurer was interested in settling the case.
Negotiations between Moore and Baybick resulted in a tentative settlement figure of $60,000 pending Baybick's submission of documents to support the claimed $15,000 in medical expenses. On September 14, 1979, Baybick sent Moore a letter confirming the tentative settlement and promising that the medical documentation was being "assembled." In March 1980, Baybick sent the medical treatment records and billings to Moore, along with a letter giving Moore thirty days to review the documents and respond. Moore backed out of the tentative settlement agreement after expiration of the three-year notice period. Baybick, nonetheless, gave the statutory notice to the Department of Insurance as a prerequisite to instituting a lawsuit.
Plaintiff says that she did not give timely notice to the Department of Insurance because Moore had, by his actions and apparent authority, caused her to believe that the case would be settled. Defendant answers that the notice statute must be strictly complied with and a failure to do so is fatal.
The controlling case is Rabinowitz v. Town of Bay Harbor Islands, 178 So.2d 9 (Fla. 1965), where the supreme court had before it the issue of whether a municipality could be estopped from asserting as a defense that the claimant failed to give the statutory notice where the municipality, having direct notice of claim, had conducted itself in a fashion such that the injured party would have believed that formal notice to the Department of Insurance would not be necessary. The holding of the court was that:
[W]hen responsible agents or officials of a city have actual knowledge of the occurrence which causes injury and they pursue an investigation which reveals substantially the same information that the required notice would provide, and they thereafter follow a course of action which would reasonably lead a claimant to conclude that a formal notice would be unnecessary, then the filing of such a notice may be said to be waived. If the claimant, as a result of such municipal conduct, in good faith fails to act, or acts thereon to his disadvantage, then an estoppel against the requirement of the notice may be said to arise.
Id. at 12-13. Subsequent cases have recognized that the section 768.28(6) notice is waivable. City of Pembroke Pines v. Atlas, 474 So.2d 237 (Fla. 4th DCA 1985); City of Jacksonville Beach v. Duncan, 392 So.2d 25 (Fla. 1st DCA 1980), rev. denied, 399 So.2d 1141 (Fla. 1981); Hutchins v. Mills, 363 So.2d 818 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1368 (Fla. 1979).
In the cases relied upon by the defendant school board, Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983) and Mrowczynski v. Vizenthal, 445 So.2d 1099 (Fla. 4th DCA 1984), there was *122 either no allegation or no evidence of waiver. The cases do not hold that notice cannot be waived. The facts before us present at least a genuine issue of fact on the question, which precluded a summary judgment.
Reversed and remanded for further proceedings.
HENDRY, J., concurs.
NESBITT, Judge (dissenting):
I respectfully dissent. Though I agree with the majority that a valid question of waiver as to the Dade County School Board is presented, section 768.28(6), Florida Statutes (1983) also mandates notice to the Department of Insurance, regardless of their interest in the outcome. Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983). In the present case, it is conceded that the Department was not noticed within the required three-year period. Moreover, the record fails to demonstrate that any party acting on behalf of Dade County, the school board or the insurer had proper authority to waive notice on behalf of the Department of Insurance. Town of Miami Springs v. Lasseter, 60 So.2d 774 (Fla. 1952); Dukanauskas v. Metropolitan Dade County, 378 So.2d 74, 76 (Fla. 3d DCA 1979). Because of the plaintiff's failure to fully comply with section 768.28(6), I would affirm the judgment under review.
NOTES
[1] Section 768.28(6) requires that statutory notice be given to the appropriate state agency and to the Florida Department of Insurance within three years after a claim accrues.