499 So.2d 868 (1986)
Alice R. McSWAIN, Appellant,
v.
Evan Earl DUSSIA, II, M.D.; Duval County Hospital Authority, D/B/a University Hospital of Jacksonville; the Florida Patient's Compensation Fund; and University Hospital Academic Fund, Inc., Appellees.
No. BJ-169.
District Court of Appeal of Florida, First District.
December 8, 1986.
Rehearing Denied January 20, 1987.
*869 Donald Ray Coleman, Jr., of Wood & Atter, P.A., Jacksonville, and Larry Klein and John R. Beranek of Klein & Beranek, P.A., West Palm Beach, for appellant.
Gerald A. Schneider, Gen. Counsel, and Steven E. Rohan, Asst. Counsel, Jacksonville, for appellee Duval County Hosp. Authority.
Paul M. Harden of Smith, Davenport, Bloom, & Harden, Jacksonville, for appellee Compensation Fund.
ZEHMER, Judge.
In this medical malpractice action by Alice McSwain against the Duval County Hospital Authority, doing business as University Hospital of Jacksonville, and others, the trial court granted summary judgment for the Authority on the ground that McSwain had failed to give timely notice of her claim to the Department of Insurance, as required by section 768.28(6), Florida Statutes (1985). The first point raised is whether this notice requirement is waivable so as to preclude summary judgment. McSwain's second point contends that since defendant Duval County Hospital Authority is an agency of a municipality (the City of Jacksonville), there is no requirement under the cited statute for giving notice to the Department of Insurance. We first review the facts relevant to these issues.
Plaintiff filed a complaint against the Duval County Hospital Authority, several doctors, and other entities, which alleged that medical malpractice occurred during her operation on June 26, 1980. On August 9, 1982, a joint motion to dismiss was filed on behalf of the hospital authority and Dr. Dussia, alleging as the only ground that the action was barred by section 768.28(9)(a), Florida Statutes, in that plaintiff failed to allege sufficient ultimate facts to show that Doctor Dussia acted in bad faith, with malicious purpose, or with wanton and willful disregard of human rights, safety, or property. Over two years later, on September 17, 1984, defendant hospital authority filed another motion to dismiss, alleging for the first time that the complaint was insufficient because plaintiff had not alleged the requisite notice pursuant to section 768.28(6) in that the complaint alleged that notice was given to the city of Jacksonville but that there was no allegation of notice to the Department of Insurance. Section 768.28(6) requires that, with respect to any claim against a state agency, except a claim against a municipality,[1] notice must be given to the Department of Insurance within three years after the claim accrues. The trial court denied the motion because it was not clear whether the hospital was the agency of the municipality, the state, or the county.
The hospital authority filed an answer on March 18, 1985, alleging it was a "body *870 corporate and politic primarily acting as an instrumentality or agency of the City of Jacksonville as established by Chapter 63-1305, Laws of Florida, and Article 24.01(7), Charter of the City of Jacksonville," and that the notice required by section 768.28(6) had not been given to the Department of Insurance. The hospital authority moved for summary judgment on grounds that, being an agency of the municipality, as distinguished from the municipality itself, it was entitled to summary judgment because McSwain had not given the required notice to the Department of Insurance. Plaintiff McSwain opposed the motion for summary judgment and moved to strike the defense based on waiver or estoppel. The trial court identified the pivotal issues to be "whether the Hospital Authority waived, or is now estopped to raise, the defense that the actual notice was not given." The court denied the motion for summary judgment, explicitly ruling that the hospital authority had waived the defense of notice to the Department of Insurance when it did not raise this ground in the original motion to dismiss. On rehearing at the request of the hospital authority, the trial court reversed itself and ruled that summary judgment should have been granted since the notice requirement could not be waived under Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983). It thereupon entered the final judgment from which this appeal is taken.
Dealing with the second point first, we conclude that whether the hospital authority is an agency of the city of Jacksonville, rather than an agency of Duval County, makes no difference. The record shows that the Authority is not a municipality, as distinguished from an agency of a municipality; and only if the claim is against a "municipality" itself is notice on the Department of Insurance excused. § 768.28(6)(a), Fla. Stat. (1985). Although it might appear reasonable, in deciding this issue, to inquire whether the Department of Insurance has any interest or will play any part in assisting the municipal agency to dispose of the claim, the supreme court has held that such questions are not relevant to the notice requirement and that the statute must be given literal effect. Levine v. Dade County School Board, 442 So.2d 210. We affirm on this point.
As to appellant's first point, we hold that the court erred in concluding that the notice requirement could not be waived and that the summary judgment should be reversed. Failure to give notice to the Department of Insurance under section 768.28(6) is not, as argued by appellees and found by the court below, the equivalent of a jurisdictional requirement or element of the cause of action that cannot be waived. Section 768.28(6)(b), added by the legislature in 1983,[2] unambiguously states:
For purposes of this section, the requirements of notice to the agency and denial of the claim are conditions precedent to maintaining an action but shall not be deemed to be elements of the cause of action and shall not affect the date on which the cause of action accrues.
Without undertaking to decide whether this amendment had the legal effect of altering the strict literal construction of the notice requirement as the statute had been construed prior to this amendment, see, e.g., Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983); Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979), it is absolutely clear that the requirement to give notice to the Department of Insurance is statutorily defined as a condition precedent which is not an essential element of the cause of action. The giving of such notice may be alleged generally in accordance with rule 1.120(c), Florida Rules of Civil Procedure, and shift to the defendant the burden of denying the allegations of compliance with specificity. Ashley v. Lamar, 468 So.2d 433 (Fla. 5th DCA 1985). Since the notice requirement in section 768.28(6) is neither jurisdictional nor an essential element of the cause of action, failure to give the requisite notice may be waived by the hospital authority. *871 Meli v. Dade County School Board, 490 So.2d 120 (Fla. 3d DCA 1986); City of Pembroke Pines v. Atlas, 474 So.2d 237 (Fla. 4th DCA 1985), rev. denied, 486 So.2d 595 (Fla. 1986). The summary judgment cannot be sustained, therefore, on the notion that this notice requirement is not waivable. The decision in Levine v. Dade County School Board, 442 So. 210, is distinguishable because it did not decide any question of waiver. Furthermore, the court in that case was construing and applying section 768.28(6), Florida Statutes (1977), and did not consider the effect of the amendment adding section 768.28(6)(b).
The trial court had previously ruled that the motion for summary judgment would be denied as to the waiver and estoppel issues. Since the court erred in reversing that ruling on the mistaken notion that the notice requirement was not subject to waiver, we reverse and remand for further proceedings.
REVERSED and REMANDED.
SHIVERS and BARFIELD, JJ., concur.
NOTES
[1] Section 768.28(2) defines "state agencies or subdivisions" to include "counties and municipalities and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities."
[2] Ch. 83-257, Laws of Florida.