502 So.2d 459 (1986)
Jason Edward BRYANT, a Minor, et al., Appellants,
v.
DUVAL COUNTY HOSPITAL AUTHORITY, d/b/a University Hospital, Florida Patients' Compensation Fund, and St. Paul Fire and Marine Insurance Company, Appellees.
No. BK-204.
District Court of Appeal of Florida, First District.
December 31, 1986.
Rehearing Denied March 9, 1987.
*460 Richard R. Townsend for Larry Smith, of Kopelousos, Head, Smith, Townsend & Metcalf, P.A., Orange Park, for appellants.
Gerald A. Schneider, Gen. Counsel and Lee S. Carlin, Asst. Counsel, Jacksonville, and Paul M. Hardin, of Smith, Davenport, Bloom, Harden & Johnson, Jacksonville, for appellees.
JOANOS, Judge.
This is an appeal from an order dismissing appellants' third amended complaint with prejudice. Appellants present two questions for our review: (1) whether appellee has waived or is estopped to raise lack of notice as a defense, and (2) whether notice to the Department of Insurance is a condition precedent to an action against an agency of a municipality. We affirm in part and reverse in part.
The original complaint in this cause was filed in July 1982. That complaint alleged that due to the negligence of the Duval County Hospital Authority (DCHA) and others, Jason Edward Bryant, a minor, incurred serious injuries. At paragraph 26 of the original complaint, appellants alleged:
Plaintiffs have complied with Florida Statute 768.28. Notice to the Defendant Duval County Hospital Authority d/b/a University Hospital as required by Florida Statute 768.28, was mailed December 16, 1981, and said Notice was received December 18, 1981.
In its answer served on August 16, 1982, appellee DCHA admitted the allegations of paragraph 26 of the original complaint. As its "Third Defense," DCHA alleged that it 
is an independent agency of the City of Jacksonville, a corporation primarily acting as an instrumentality or agency of the City, and its liability is limited by s. 768.28, Florida Statutes, to $50,000 per person per claim, or a maximum of $100,000 per occurrence.
There is no reference in the answer to the notice provisions set forth at section 768.28, Florida Statutes.
On February 10, 1984, appellants filed an amendment to the complaint, again alleging compliance, this time at paragraph 32, with the provisions of section 768.28. In their answer to the amendment to the complaint, appellees admitted the allegations of paragraph 32.
On April 1, 1985, the trial court entered an order directing appellants to file an amended complaint setting forth all existing causes of action against all remaining parties defendant to the action. Pursuant to that order, appellants filed an amended *461 complaint which restated compliance with the section 768.28 notice provision.
On April 5, 1985, appellees filed a motion to dismiss both counts of the amended complaint. As ground for dismissal appellees raised, for the first time, appellants' failure to provide notice to the Department of Insurance. In addition, appellees filed motion to strike certain language and all of count two of the amended complaint. In an order entered September 9, 1985, the trial court granted appellees' motion to strike and directed appellants to file their amended complaint deleting the stricken words and including the allegations of count two in one count. Pursuant to this order, on September 9, 1985, appellants filed their second amended complaint.
On September 13, 1985, the trial court entered an order dismissing the second amended complaint without prejudice to afford appellants an opportunity to amend their complaint to allege compliance with the notice requirements of section 768.28, Florida Statutes. Pursuant to the trial court's order, appellants filed their third amended complaint, alleging in relevant part:
8. Plaintiffs have complied with Florida Statute 768.28. Notice to defendant, DUVAL COUNTY HOSPITAL AUTHORITY d/b/a UNIVERSITY HOSPITAL, as required by Florida Statutes, Section 768.28, was mailed December 16, 1981, and said Notice was received December 18, 1981.
9. Plaintiffs did not serve notice upon the Department of Insurance for the following reasons:
.....
c. Said defendant did not allege that it was entitled to have service of notice on the Department of Insurance or raise by Motion to Dismiss or otherwise plaintiffs' failure to give said notice, although at the time of said Answer plaintiffs could have complied with the notice requirements of s. 768.28, Florida statutes.
.....
j. Plaintiffs reasonably relied upon the allegations in said defendant's prior Answers and upon defendant's failure to raise the lack of notice to the Department of Insurance by assuming that defendants were either not entitled to notice to the Department of Insurance or that said defendant was waiving said notice.
k. Defendant, Duval County Hospital Authority, d/b/a University Hospital, is an agency or instrumentality of the municipality, City of Jacksonville, and is not entitled to notice to the Department of Insurance under Section 768.28(6)(a), or, in the alternative, by its actions and inaction alleged above has waived or is estopped to raise said lack of notice in this action almost three (3) years after this action was filed and at a time when plaintiffs cannot comply with the provisions of Section 768.28.
On November 19, 1985, the trial court dismissed the third amended complaint with prejudice, finding, inter alia, that plaintiffs conceded they did not give the notice required by s. 768.28(6)(a) to the Department of Insurance but maintained that notice to the Department of Insurance was waived or that the defendant was estopped to raise that as a defense, and more than three years had elapsed since plaintiffs' cause of action accrued so there was no possibility of providing the required notice.
The notice provision at issue in this case is set forth in section 768.28(6)(a), Florida Statutes (1983), which provides in relevant part:
An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing; ...
*462 In applying the provisions of this section, the supreme court has noted that the plain language of the statute 
clearly requires written notice to the department within three years of the accrual of the claim before suit may be filed against any state agency or subdivision except a municipality. Because this subsection is part of the statutory waiver of sovereign immunity, it must be strictly construed. (citations omitted.)
.....
Under section 768.28(6), not only must the notice be given before a suit may be maintained, but also the complaint must contain an allegation of such notice. Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). Where the time for such notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice. (citation omitted.)
Levine v. Dade County School Board, 442 So.2d 210, 212-213 (Fla. 1983). See also Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010, 1022 (Fla. 1979), where the court held that compliance with the notice provisions of section 768.28(6) "is clearly a condition precedent to maintaining a suit."
We recognize, as of course we must, that the notice provisions which form a part of the statutory waiver of sovereign immunity, must be strictly construed. Nevertheless, there are decisions holding that the notice provisions of section 768.28(6)(a) can be waived. See Hutchins v. Mills, 363 So.2d 818 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1368 (Fla. 1979); In Re Forfeiture of One 1978 Datsun Pickup Truck, 475 So.2d 1007 (Fla. 2d DCA 1985), rev. denied, 486 So.2d 598 (Fla. 1986); City of Pembroke Pines v. Atlas, 474 So.2d 237 (Fla. 4th DCA 1985), rev. denied, 486 So.2d 595 (Fla. 1986). In City of Pembroke Pines, the court held that appellant had waived the pleading requirement of an allegation of compliance with section 768.28(6), Florida Statutes (1983). On motion for rehearing in that case, appellant urged that the court's holding was in conflict with Levine v. Dade County School Board. In rejecting this argument, the court noted that Levine did not overrule Commercial Carrier Corp. v. Indian River County, in which the supreme court held that compliance with section 768.28(6) is a condition precedent to suit. The court, in Pembroke Pines, stated that "[t]he crucial `facts of this case' are that appellant, with knowledge of the claim and with knowledge of the suit, failed to raise the pleading defect until after entry of the final judgment." 474 So.2d at 238. Accord: Hutchins v. Mills, in which this court considered the rationale of Rabinowitz v. Town of Bay Harbor Islands, 178 So.2d 9 (Fla. 1965), and concluded that "under certain conditions, the state or its agencies might be deemed to have waived the claim notice requirements of 768.28(6). If it may be so waived it cannot be jurisdictional." (emphasis supplied).
Accordingly, we reject appellees' contention that the notice requirements of section 768.28(6) are jurisdictional. It is undisputed in this case that appellants did not present written notice of their claim to the Department of Insurance. It is also undisputed that appellees filed responses to the initial complaint, to the amended complaint, and to the second amended complaint, and in so doing made no reference to the failure to provide written notice to the Department of Insurance. The motion to dismiss predicated on failure of such notice was filed nearly two years after the time appellants could have complied with this provision. We conclude, therefore, that the DCHA's conduct in failing to plead the notice requirement as a defense while at the same time affirmatively asserting entitlement to the section 768.28 limitation of liability, constitutes a waiver of the intention to rely on the notice provision applicable to the Department of Insurance.
Appellants' second argument is addressed to the section 768.28(6)(a) exception, which provides that notice to the Department of Insurance is not a prerequisite to a claim against a municipality. In advancing *463 this argument, appellants would have us equate the DCHA with the City of Jacksonville. It is clear, however, that the DCHA is an entity separate from the City. Martin v. Consolidated City of Jacksonville, 490 So.2d 138, 139 (Fla. 1st DCA 1986), citing Ch. 63-1305, s. 7(a) and Ch. 67-1320, s. 24.01(7), Laws of Fla. See also Eldred v. North Broward Hospital District, 498 So.2d 911 (Fla. 1986); and McSwain v. Dussia, 499 So.2d 868 (Fla. 1st DCA 1986). We conclude, therefore, that notice to the Department of Insurance of a claim against the DCHA is a condition precedent to suit which, in proper circumstances, may be waived.
Accordingly, we find the allegations of the third amended complaint are sufficient to assert a defense of waiver of estoppel to the requirement of written notice to the Department of Insurance.
Affirmed in part; reversed in part, and remanded for proceedings consistent with this opinion.
THOMPSON and NIMMONS, JJ., concur.