514 So.2d 1151 (1987)
Robert C. MacDONALD, D.D.S., Petitioner,
v.
Honorable William C. McIVER, Circuit Judge, Twentieth Judicial Circuit, Collier County, Respondent.
No. 87-1822.
District Court of Appeal of Florida, Second District.
November 6, 1987.
*1152 Joseph D. Stewart of Hardt & Stewart, Naples, for petitioner.
Salvatore C. Scuderi of Scuderi & Childs, Marco Island, for respondent Gwen Gruber.
PER CURIAM.
Robert MacDonald, the petitioner in this case, is a dentist presently being sued for malpractice. He seeks a writ of certiorari to quash an order entered by the respondent which denied his motion to dismiss the complaint. We find that prohibition is the appropriate remedy to redress the issues raised in MacDonald's petition, and treat his petition as if the proper remedy had been sought. Art. V, § 2(a), Fla. Const.; Fla.R.App.P. 9.040(c).
MacDonald advances two separate theories justifying dismissal. Prior to filing her complaint the plaintiff below, Gwen Gruber, did not comply with pre-filing notice requirements established by section 768.57, Florida Statutes (1987). This provision was included in the 1985 medical malpractice reform act, which this court has previously held constitutional. Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986), petition for review denied, 511 So.2d 299 (Fla. 1987). Basically the act encourages, or at least was intended to encourage, settlement of meritorious claims without requiring the expense of full-blown litigation. Before filing a complaint for malpractice, the prospective plaintiff must notify all prospective defendants and give them a chance to review the allegations. Some discovery may be had at this stage, the complaint may be barred if the would-be plaintiffs do not cooperate, and the eventual filing of a complaint is viewed as something of a last resort.
MacDonald argues that the act applies to dental malpractice because "medical malpractice" is defined in section 768.57(1)(a) as "a claim arising out of ... medical care or services." The definition of dentistry in section 466.003, Florida Statutes (1987), recognizes the medical nature of dentistry, while the definition of "medical malpractice" found in the statute of limitations, section 95.11(4)(b), specifically includes dental care. Gruber responds that while similar statutes specifically include dentists, section 768.57 does not, clearly indicating a legislative intent to exempt dentists from this particular provision. We cannot agree. Dentists are included in the definition of "health care providers" in section 768.40(1)(b), Florida Statutes (1987), and this phrase reappears frequently throughout the sections dealing with medical malpractice, including the section requiring notice before the filing of a complaint.
In Pearlstein we described a complaint filed without prior notice as "for all intents and purposes ... a nonexistent lawsuit." 500 So.2d at 587. This notice requirement is a condition precedent to invoking the circuit court's jurisdiction by filing a formal complaint. Public Health Trust of *1153 Dade County v. Knuck, 495 So.2d 834 (Fla. 3d DCA 1986).
MacDonald also argues, and we agree, that the complaint is barred by the statute of limitations. The circuit court found that the statute of limitations, like the pre-filing notice requirements of section 768.57, does not apply to dentists. This is incorrect. Section 95.11(4)(b), Florida Statutes (1987), which provides that a complaint for medical malpractice must be filed within two years of the incident giving rise to that complaint, specifically includes complaints of dental malpractice. Gruber concedes this point, except she argues that since fraud was pled in her complaint the ordinary limitations period does not apply.
The two-year limitations period set forth in the statute is not without exceptions. Failure to discover an alleged incident of medical malpractice, despite the exercise of due diligence on the part of the complainant, extends the limitations period to four years from the incident. The existence of fraud or misrepresentation which prohibits discovery of the incident within those four years further extends the limitations period to two years from discovery, but in no case to more than seven years from the incident. MacDonald maintains that the fraud exception does not apply in the present case because Gruber admits in her complaint that she discovered the "fraud" well in advance of the four-year exception in the statute. Gruber's complaint alleges that MacDonald treated her from "[o]n or about December 2, 1981 and continuously thereafter until approximately February 25, 1983." Gruber then consulted another dentist "approximate[ly] May 19, 1986," at which time she was advised MacDonald's dental work "was not properly performed." Gruber further alleges that MacDonald "intentionally conceal[ed]" this negligent dental work.
We agree with MacDonald that, because the alleged tort was discovered within four years of the last possible date which could have given rise to a cause of action, the fraud exception to the statute of limitations is not applicable. Gruber, therefore, would have had at most four years to bring her suit. Her last contact with MacDonald occurred February 25, 1983, and the complaint was filed February 26, 1987. It is, therefore, untimely. Cobb v. Maldonado, 451 So.2d 482 (Fla. 4th DCA 1984).
We believe that the greater weight of authority supports our conclusion that relief via prohibition is authorized in this situation. Public Health Trust of Dade County v. Knuck; Brogan v. Mullins, 452 So.2d 940 (Fla. 5th DCA 1984); contra, Bondurant v. Geeker, 499 So.2d 909 (Fla. 1st DCA 1986)[1]. The petition for writ of prohibition is granted and the respondent is hereby directed to dismiss the complaint against MacDonald.
RYDER, A.C.J., and HALL and THREADGILL, JJ., concur.
NOTES
[1] The facts in Bondurant are not particularly egregious: the plaintiff's complaint had been filed prior to the expiration of the 90-day limit prescribed by section 768.57, but the trial court refused to apply the statute to a cause of action accruing before the effective date of that statute. Nevertheless, the court went on to hold that prohibition is not available to redress a civil statute of limitations dispute.