537 So.2d 1014 (1988)
Allen BERRY, D.D.S., Petitioner,
v.
Honorable George ORR and Honorable David M. Gersten, As Judges of the Eleventh Judicial Circuit Court, in and for Dade County, Florida and Antonio Bendeck, Respondents.
No. 88-1569.
District Court of Appeal of Florida, Third District.
November 1, 1988.
Rehearing Denied March 2, 1989.
*1015 Kimbrell & Hamann and James F. Asher and Virginia Forbes, Miami, for petitioner.
Ligman, Martin, Shiley, Neswiacheny & Evans and Gordon Evans, Coral Gables, Robert A. Ginsburg, County Atty. and Roy Wood, Asst. County Atty., for respondents.
Before HUBBART, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
The central question presented for review is whether the prefiling notice requirements established by Section 768.57, Florida Statutes (1985) are applicable to dental malpractice actions. Based on the indistinguishable authority of MacDonald v. McIver, 514 So.2d 1151 (Fla.2d DCA 1987), with which we agree, we hold that the above-stated statutory notice requirements are so applicable. Because the plaintiffs herein, Antonio and Mafalda Bendeck, did not, admittedly, comply with such statutory notice requirements prior to filing their dental malpractice action against the defendant Allen Berry, D.D.S. in the trial court below, it is clear that the trial court lacks jurisdiction to entertain the aforesaid action, and that, accordingly, a writ of prohibition lies, MacDonald; Public Health Trust v. Knuck, 495 So.2d 834 (Fla.3d DCA 1986); cf. Bondurant v. Geeker, 499 So.2d 909 (Fla. 1st DCA), rev. dismissed, 515 So.2d 214 (Fla. 1987); we specifically reject the respondents' claim that prohibition is an inappropriate remedy in these circumstances.
Accordingly, the petition for a writ of prohibition filed by the defendant herein is granted, and the cause is remanded to the trial court with directions to dismiss the plaintiffs' dental malpractice action below.
Prohibition granted; cause remanded with directions.