BARFIELD, Judge.
Edith Dickerson appeals a final summary judgment in favor of the Escambia County Board of County Commissioners (County) in her negligence action arising out of an accident involving her vehicle and an ambulance owned by the County. The summary judgment was based upon her failure to comply with section 768.28(6), Florida Statutes (1984), which requires written notice to the Department of Insurance within three years after the claim accrues as a condition precedent to maintaining an action against the state or one of its agencies or subdivisions. We reverse.
In her complaint, filed two years and seven months after the accident, Dickerson alleged that she had “duly made claim upon the Defendant, Escambia County Board of County Commissioners under the provisions of Florida Statute § 768.28 and there has been no settlement negotiations (sic).” In its answer filed one month later, the County responded to this allegation, “Defendant is without knowledge as to the truth of this allegation and demands strict proof thereof.” Its affirmative defenses made no mention of the notice requirements of section 768.28(6).
In her answer to interrogatories filed in January 1988, three years and two months after the accident, Dickerson admitted that she had not presented her claim for damages in writing to the Department of Insurance and had not served a copy of the summons and complaint on the Department. The County immediately moved for *1066 summary judgment on the grounds that it was undisputed that Dickerson had failed to comply with section 768.28(6) by giving timely notice to the Department of Insurance, citing Levine v. Dade County School Board, 442 So.2d 210 (Fla.1983). In response, Dickerson’s attorney filed an affidavit stating that the claim in this cause was made directly to the County’s insurance carrier at the carrier's request and that he had dealt with the carrier for more than two years without any contention that the claim had not been presented to the Department of Insurance.
Granting the County’s motion, the trial court interpreted the answer to the complaint as a denial of “any suggestion that the claim had been presented to the Department of Insurance,” neither admitting nor waiving the required notice. It found that the County’s conduct did not demonstrate any affirmative action which would constitute a waiver of the notice requirement and also found, as a matter of law, that the County did not have standing to waive the requirement that the claim be presented to the Department of Insurance.
While this latter determination is supported by the holding in Menendez v. North Broward Hospital District, 515 So. 2d 1377 (Fla. 4th DCA 1987), review of which is presently pending in the Florida Supreme Court, it is at least impliedly in conflict with several opinions from the supreme court and other district courts of appeal which have recognized the possibility of such a waiver. Rabinowitz v. Town of Bay Harbor Islands, 178 So.2d 9 (Fla.1965); Bryant v. Duval County Hospital Authority, 502 So.2d 459 (Fla. 1st DCA 1986), rev. den., 511 So.2d 998 (Fla.1987); Meli v. Dade County School Board, 490 So.2d 120 (Fla. 3d DCA), rev. den., Dade County School Board v. Meli, 500 So.2d 543 (Fla.1986); In re Forfeiture of 1978 Green Datsun Pickup Truck v. Kruysman, 475 So.2d 1007 (Fla. 2d DCA 1985); City of Pembroke Pines v. Atlas, 474 So.2d 237 (Fla. 4th DCA 1985); Ashley v. Lamar, 468 So.2d 433 (Fla. 5th DCA 1985); and Hutchins v. Mills, 363 So.2d 818 (Fla. 1st DCA 1978), cert. den., 368 So.2d 1368 (Fla.1979).
We need not determine whether there existed a genuine issue of material fact regarding whether the County’s actions or failure to act constituted a waiver of the notice requirement, however, because the issue was not raised by the parties’ pleadings. The complaint indicates that Dickerson’s attorney was likely not aware of the statutory requirement of presenting the claim in writing to the Department of Insurance, else he would have properly presented the claim before filing suit. The County’s answer, however, merely denies knowledge of the allegation that the claim had been “duly presented” to the County and that there had been no settlement negotiations. By failing to plead that Dickerson had not performed a condition precedent to the suit by presenting the claim to the Department of Insurance, the County waived this defense.
The summary judgment in favor of the Escambia County Board of County Commissioners is REVERSED and the case is REMANDED to the trial court for further proceedings.
JOANOS and WIGGINTON, JJ., concur.