544 So.2d 1031 (1989)
Michael J. SOLIMANDO, Sr., As Personal Representative of the Estate of Marion Solimando, Deceased, Appellant,
v.
INTERNATIONAL MEDICAL CENTERS, H.M.O., a Federally Qualified Health Maintenance Organization (a/K/a Tampa Regional H.M.O.), D/B/a Aloha Medical Center and D/B/a Jasmine Medical Center, William J. Young, M.D., Dan Conrado, M.D., J.H. Rosoff, D.D.S. and J.H. Rosoff, D.D.S., P.A., Jack R. Lund, D.O. and Jack R. Lund, D.O., P.A., Gajanan A. Kulkarni, M.D., and Khoi X. Dam, M.D., Appellees.
Nos. 88-00726, 88-01428.
District Court of Appeal of Florida, Second District.
May 3, 1989.
Rehearing Denied June 19, 1989.
*1032 Steven C. Ruth of L.D. Beltz & Associates, St. Petersburg, for appellant.
Sara Blair Lake of Melkus & Hunter, P.A., Tampa, for appellee, Intern. Medical Centers, H.M.O.
William Duane Wood, III, Palm Harbor, for appellees, Aloha Medical Center and Young.
Jeffrey R. Fuller of Williams, Brasfield, Wertz, Fuller & Lamb, P.A., St. Petersburg, for appellee, Conrado.
Glenn M. Burton of Shear, Newman, Hahn & Rosenkranz, Tampa, for appellees, Rosoff, D.D.S. and Rosoff, D.D.S., P.A.
Judith W. Simmons and Kenneth A. Beytin of Foley & Lardner, Tampa, for appellees, Lund, D.O. and Lund D.O., P.A.
Troy J. Crotts and James B. Thompson of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellee, Kulkarni.
David D. Cuellar of Law Office of David D. Cuellar, Tampa, for appellee, Dam.
PATTERSON, Judge.
The personal representative of the estate of Marion Solimando appeals the dismissal of a medical malpractice suit for failure to comply with the requirements of sections 768.57(2) and 768.57(3)(a), Florida Statutes (1987)[1], which require at least 90 days prior notice, by certified mail, return receipt requested, of the intention to file suit. We reverse and remand.
Appellant sent the statutory notice by regular mail more than 90 days prior to the filing of the suit (some of the appellees having sworn that they did not receive that notice). This procedure was insufficient for compliance with the statute. See Glineck v. Lentz, 524 So.2d 458 (Fla. 5th DCA 1988) (prior oral notice insufficient). Nor was there sufficient compliance through the mailing of the notice by certified mail, return receipt requested, after the filing of the suit. See Malunney v. Pearlstein, 539 So.2d 493 (Fla. 2d DCA 1989) (Pearlstein II); Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986), rev. denied, 511 So.2d 299 (Fla. 1987) (Pearlstein I).
Appellant argues, however, that some of the appellees waived the statutory certified mail notice requirement or are estopped from asserting the insufficiency of the regular mail notice. This argument is based upon letters to appellant's attorneys from insurance carriers for appellees who received the regular mail notices. The letters acknowledged receipt of those notices, showed review being conducted to determine liability in accordance with section 768.57, and requested certain information and documents from plaintiff. The trial court expressed no view as to the existence of waiver or estoppel under these circumstances, but resolved this aspect by ruling that it had no jurisdiction to hear the case, except to grant a motion to dismiss for lack of subject matter jurisdiction.
With regard to a court exercising its jurisdiction in a particular transaction or occurrence, there is a distinction between what falls within the subject matter jurisdiction of the court and what is required to invoke that jurisdiction. The use of the term "jurisdictional" to describe each of these circumstances has led to confusion. *1033 In 1926, the Florida Supreme Court addressed the subject:
There is a distinction between those facts which involve the jurisdiction of the court over the parties and subject-matter and those quasi jurisdictional facts, without allegation of which the court cannot properly proceed, and without proof of which a decree should not be made; absence of the former renders the judgment void and assailable collaterally, but not so as to the latter. 23 Cyc. p. 1074.
Malone v. Meres, 91 Fla. 709, 731, 109 So. 677, 685 (1926). The passage of time has done little to remedy the situation. In 1982, the Fifth District Court of Appeal addressed the matter in Florida Power & Light Co. v. Canal Authority of the State of Florida, 423 So.2d 421 (Fla. 5th DCA 1982), rev. denied, 434 So.2d 887 (Fla. 1983). In that case, Florida Power argued that a trial court lacks jurisdiction in a condemnation action where the petitioner fails to attach to the petition an authorizing resolution of the condemning authority. The court determined that although failure to attach the resolution subjects the petition to dismissal for failure to state a cause of action, "such deficiencies in the pleading invoking the jurisdiction of the trial court did not deprive the court of jurisdiction." Florida Power & Light, 423 So.2d at 425.
In reaching its decision, the Fifth District examined the meaning of jurisdiction:
[T]he court must have what could be called potential or inchoate jurisdiction but what is more commonly and properly called "jurisdiction over the subject matter." This is jurisdiction in the abstract and is that sovereign authority, conferred upon a court by constitution, either directly or by authorized statute, to make adjudications, or binding decisions, as to controversies within a certain class of cases or causes. Such subject matter jurisdiction must be properly invoked and perfected. A court's jurisdiction is generally invoked in a given case by a party filing a proper pleading which alleges material facts demonstrating (1) the existence of a judicial controversy (a right in dispute between two or more parties) within the subject matter jurisdiction of the court and (2), when a binding judicial determination requires the court to act directly on an object (a res), that such court has, or can acquire, jurisdiction over such res. After the court's jurisdiction has been properly invoked, it is perfected by a proper service of sufficient process on all indispensable parties. This is called acquiring "jurisdiction over the person."
Florida Power & Light, 423 So.2d at 423-424 (footnotes omitted) (emphasis in original). Although a plaintiff must file a "proper pleading" to invoke the court's jurisdiction, it is important to realize that "the test for whether a pleading sufficiently involves [sic] the jurisdiction of a court is not as stringent as the test as to whether or not the pleading is subject to a motion to dismiss for failure to state a cause of action." Florida Power & Light, 423 So.2d at 425.
The civil jurisdiction of a trial court, therefore, is invoked by the filing of a well pled complaint which states a cause of action within the subject matter jurisdiction of that court. In the case of medical malpractice actions, the complaint, in order to state a cause of action upon which relief may be granted, must contain allegations of compliance with the notice requirements of section 768.57. Menendez v. North Broward Hosp. Dist., 537 So.2d 89 (Fla. 1988). The lack of those allegations results in the failure of the complaint to invoke the jurisdiction of the court, but it does not deprive the court of subject matter jurisdiction of medical malpractice actions generally.
A consideration of a similar notice statute supports our conclusion that the notice requirements of section 768.57 are not jurisdictional. Section 768.28(6), Florida Statutes (1987) requires pre-litigation notice to the state, its agencies and subdivisions. We believe the legislative intent is the same for the notice requirements of section 768.57 and the notice requirements of section 768.28(6). That intent is to reduce the number of unnecessary lawsuits by providing the prospective defendant the opportunity to investigate the claim and make a *1034 settlement offer, if appropriate. The notice requirements of section 768.28(6) are not jurisdictional and are subject to waiver. Hutchins v. Mills, 363 So.2d 818 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1368 (Fla. 1979). The Florida Supreme Court has held "that a municipality may waive or be estopped to assert the benefit of a claim notice statute." Rabinowitz v. Town of Bay Harbor Islands, 178 So.2d 9, 12 (Fla. 1965).
The district courts of this state have continued to hold that the notice requirements in the waiver of sovereign immunity statute are not jurisdictional and are subject to waiver. Bryant v. Duval County Hospital Authority, 502 So.2d 459 (Fla. 1st DCA 1986); Meli v. Dade County School Board, 490 So.2d 120 (Fla. 3rd DCA 1986), rev. denied, 500 So.2d 543 (Fla. 1986); State ex rel. Manatee County v. Kruysman, 475 So.2d 1007 (Fla. 2d DCA 1985), rev. denied, 486 So.2d 598 (Fla. 1986); City of Pembroke Pines v. Atlas, 474 So.2d 237 (Fla. 4th DCA 1985), rev. denied, 486 So.2d 595 (Fla. 1986). In Kruysman, this court stated that "[w]hile a claimant must allege compliance with section 768.28(6) in order to state a cause of action, the failure to do so does not affect subject matter jurisdiction." Kruysman, 475 So.2d at 1009. We cannot conclude that the legislature has granted a substantive jurisdictional defense to a private sector of the community by way of section 768.57 while denying that same defense to the sovereign.
The appellees rely principally on the cases of Berry v. Orr, 537 So.2d 1014 (Fla. 3d DCA 1988), MacDonald v. McIver, 514 So.2d 1151 (Fla. 2d DCA 1987) and Pearlstein I in support of their position. These authorities do not dictate an affirmance of the lower court. The issue in Pearlstein I was whether or not section 768.57 was unconstitutional on the grounds of due process and equal protection. The court held that it was not. The language in Pearlstein I that "we cannot simply abate what is, for all intents and purposes, a non-existent lawsuit" is merely dicta and not controlling in this case. Pearlstein I, 500 So.2d at 587. Moreover, the wording of Pearlstein I may be interpreted to mean that the plaintiff simply failed to perform a procedural condition precedent to suit. Pearlstein II, 539 So.2d 493 at 495, supports this conclusion:
The purpose of section 768.57 is wholly procedural and, as we noted in Castro v. Davis, 527 So.2d 250 (Fla. 2d DCA 1988) (footnote omitted), simply provides the potential defendant with an opportunity to resolve amicably the controversy without the burden of a lawsuit.
The facts of Castro are not relevant here.
In MacDonald, the principal issue was whether or not the notice requirements of section 768.57 apply in a suit against a dentist. The court held that section 768.57 did apply and issued a writ of prohibition directing that the action be dismissed. It appears from a close reading of that opinion, however, that the court granted the writ because the statute of limitations had run prior to the filing of suit, and not because the notice requirements are jurisdictional. The court relied on Public Health Trust of Dade County v. Knuck, 495 So.2d 834 (Fla. 3d DCA 1986), which specifically granted a writ of prohibition due to the running of the applicable statute of limitations. Further, in MacDonald, this court noted that our decision was contrary to the holding in Bondurant v. Geeker, 499 So.2d 909 (Fla. 1st DCA 1986), rev. dismissed, 515 So.2d 214 (Fla. 1987), which held that prohibition was not available to redress a civil statute of limitations dispute. Moreover, in MacDonald we said that the notice requirements of section 768.57 are "a condition precedent to invoking the circuit court's jurisdiction." MacDonald, 514 So.2d at 1152. In Berry v. Orr, 537 So.2d 1014 (Fla. 3d DCA 1988), that court, in granting a writ of prohibition in a dental malpractice case, relied on MacDonald as its principal authority. Berry, therefore, does not strengthen appellees' position.
In line with the decisions interpreting section 768.28(6), we hold that the failure to comply with the prelitigation notice requirements of section 768.57 does not deprive the trial court of subject matter *1035 jurisdiction of medical malpractice actions and that the trial court may consider the principles of estoppel and waiver to excuse such noncompliance. The pleading of compliance, however, remains necessary for the complaint to state a cause of action. How then may this plaintiff, who cannot make such a representation, frame a complaint which will invoke the jurisdiction of the court? The First District Court of Appeal answered this question in Bryant v. Duval County Hosp. Authority, 502 So.2d 459 (Fla. 1st DCA 1986), wherein that court approved of a complaint which substituted the facts asserted to constitute waiver of the notice requirements of section 768.28(6) for the allegation of compliance with the statute. We approve and adopt that procedure as appropriate in cases such as this one.
We, therefore, reverse and remand this cause to the trial court with directions to permit the plaintiff to file an amended complaint in compliance with this opinion.
We certify to the Florida Supreme Court as of great public importance the following question:
DOES THE FAILURE TO COMPLY WITH THE PRELITIGATION NOTICE REQUIREMENTS OF SECTION 768.57 DEPRIVE THE TRIAL COURT OF SUBJECT MATTER JURISDICTION OF A MEDICAL MALPRACTICE ACTION OR, MAY THE LACK OF SUCH NOTICE BE EXCUSED BY A SHOWING OF ESTOPPEL OR WAIVER?
Reversed and remanded.
DANAHY, A.C.J., and LEHAN, J., concur.
NOTES
[1] Renumbered as 766.107(2) and 766.107(3)(a), respectively, in the 1988 Supplement to Florida Statutes 1987.