COPE, Judge
(concurring).
In light of the court’s decision in Berry v. Orr, 537 So.2d 1014 (Fla. 3d DCA 1988), I have no alternative but to concur. I write separately to suggest that by painting with a broader brush than necessary, Berry has inadvertently created an inconsistency in our decisions which should be corrected. On the facts presented the appellant should, in my view, be granted relief.
In Public Health Trust v. Knuck, 495 So.2d 834, 836 (Fla. 3d DCA 1986), our court decided that in interpreting the medical malpractice pre-suit notice requirement, § 768.57, Fla.Stat. (1985), we would look to the decisions interpreting another provision of chapter 768, the sovereign immunity pre-suit notice requirement, § 768.28(6), Fla. Stat. (1985). The latter statute prescribes the pre-suit notice requirement for suits against the state. There was good reason to harmonize the two pre-suit notice statutes, for one (the medical malpractice notice requirement) expressly incorporates provisions of the other (the sovereign immunity notice requirement). See § 768.57Í3).[1]
In Meli v. Dade County School Board, 490 So.2d 120 (Fla. 3d DCA), review denied, 500 So.2d 543 (Fla.1986), our court held that the pre-suit notice requirement of section 768.28(6) could be waived by the conduct of the defendant. Accord McSwain v. Dussia, 499 So.2d 868, 870 (Fla. 1st DCA 1986), review denied, 511 So.2d 298 (Fla.1987). This follows from the terms of the statute, as section 768.28 describes its pre-suit notice requirement as a condition precedent, § 768.28(6)(b) (1985), and a condition precedent can by definition be waived.
I am unable to perceive a sound reason for treating the sovereign immunity pre-suit notice requirement as a condition precedent which is subject to waiver, Meli, while treating the interlinked medical malpractice pre-suit notice requirement as jurisdictional, Berry (which presumably is not subject to waiver on the conventional theory that parties cannot by consent confer jurisdiction on the court).[2]
The present case was filed by appellants in February, 1986, alleging dental malpractice. On March 18, 1986 appellee moved to dismiss for failure to state a cause of action, but did not raise the absence of a pre-suit demand.
Fifteen months later, appellee moved to dismiss for lack of subject matter jurisdiction, asserting for the first time that the medical malpractice pre-suit demand requirement was applicable to dental malpractice actions, and that appellant had failed to comply. The motion was mailed to appellant five days prior to twhat the appellee contends was the expiration of the statute of limitations.
In response the appellant served a pre-suit demand “in an abundance of caution,” while stating that appellant did not believe the notification was legally required. In October, 1987 appellee’s insurer replied to the pre-suit demand, stating: “It is the belief of the Federal Insurance Company that the Medical Malpractice Reform Act is not applicable to dentists and, therefore, we do not believe that your [notice of] intent to initiate litigation is applicable.” The letter went on to deny that there was any liability on the part of appellee. The *16 insurer’s letter shows that a copy was provided to appellee’s counsel.[3]
In February, 1988, almost two years after the action was filed, appellee filed a supplemental motion to dismiss for lack of subject matter jurisdiction. The trial court dismissed the suit for lack of subject matter jurisdiction.
In my view these facts make out a good case of waiver as set forth in Meli. The pre-suit notice requirement was intended to act as a shield, not a sword. Those who would avail themselves of the benefit of a pre-suit notice requirement must invoke it promptly or lose its protection.
Fairness and sound policy dictate that both of the Chapter 768 pre-suit notice requirements be construed consistently, as conditions precedent, which are subject to waiver. See Meli. As has been said in an analogous context, “the courts will not allow the practice of the ... ‘gotcha!’ school of litigation to succeed.” Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337, 1339 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (Fla.1979).[4]

. Where a medical malpractice claim is made against the state, the medical malpractice statute, § 768.57(3)(a), Fla.Stat. (1987), directs that the state have the benefit of the longer time limits contained in the sovereign immunity statute. Id., citing § 768.28(6)(a), Fla.Stat. (1987).

. Our court has treated section 768.57 on at least one occasion as a condition precedent, Public Health Trust v. Knuck, 495 So.2d at 836-37, but more recently as a jurisdictional prerequisite. Berry v. Orr, 537 So.2d at 1015.
Denial of occurrence of conditions precedent must be pled with particularity. Fla.R.Civ.P. 1.120(c); McSwain v. Dussia, 499 So.2d at 870.

. A reasonable inference is that the issue of pre-suit notice, having been belatedly raised, was abandoned at that time.

. While the harsh effects of Berry could be ameliorated by applying the equitable tolling doctrine of Salcedo to the period of time in which appellee acquiesced in the pendency of the appellant’s suit, no issue of limitations is before us. The more appropriate solution is to adopt a consistent interpretation for pre-suit notice cases in accordance with Meli.