561 So.2d 324 (1990)
John INGERSOLL and Kay Ingersoll, Appellants,
v.
Warren HOFFMAN, D.D.S., Appellee.
No. 89-997.
District Court of Appeal of Florida, Third District.
April 10, 1990.
Rehearing Denied June 13, 1990.
Kenneth P. Liroff, Ft. Lauderdale, Brian Hersh, Klein, Beranek & Walsh and Lawrence Klein, West Palm Beach, for appellants.
Walton, Lantaff, Schroeder & Carson and G. Bart Billbrough and Geoffrey B. Marks, Miami, for appellee.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Appellants, John and Kay Ingersoll, seek review of a March 23, 1989, order *325 dismissing their professional negligence action against defendant Dr. Warren Hoffman. The order of dismissal is predicated on plaintiffs' failure to comply with Section 768.57(2) Florida Statutes (1987), to provide "notice of intent to initiate litigation for medical malpractice." We find no error and affirm.
On September 10, 1987, pursuant to Section 768.57 Florida Statutes, Attorney Kenneth Liroff erroneously notified Howard Hoffman, D.D.S., defendant Warren Hoffman's brother, of the initiation of a professional negligence claim. Appellants admit this mistake. However appellants contend that, although the notice of intent was addressed to the wrong Hoffman brother, both brothers at the time were practicing dentistry at the same dental clinic and, in addition, the Hoffmans' insurance carrier acknowledged that it had been notified of the intention to initiate litigation against Howard Hoffman. It is therefore appellants' argument that adequate notice was given under Section 768.57 to defendant Warren Hoffman. We disagree.
Section 768.57(2) Florida Statutes (1987) is specific. "Prior to filing a claim for medical malpractice, a claimant shall notify each prospective defendant by certified mail, return receipt requested, of intent to initiate litigation for medical malpractice." (Emphasis added.) The statute does not allow for constructive notice, nor does it allow for oral notice, notice by publication, or notice by regular mail. See Glineck v. Lentz, 524 So.2d 458 (Fla. 5th DCA 1988), review denied, 534 So.2d 399 (Fla. 1988); Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986), review denied, 511 So.2d 299 (Fla. 1987) and Public Health Trust of Dade County v. Knuck, 495 So.2d 834 (Fla. 3d DCA 1986). Because this court has held that the notice requirement of Section 768.57 is jurisdictional, failure to provide adequate notice shall result in dismissal. Bendeck v. Berry, 546 So.2d 14 (Fla. 3d DCA 1989); Berry v. Orr, 537 So.2d 1014 (Fla. 3d DCA 1988) review denied, 545 So.2d 1368 (Fla. 1989). It is also noted that no certificate, in accordance with the provisions of Section 768.495(1), Florida Statutes (1987), was ever supplied as to Dr. Warren Hoffman, therefore, the final order of dismissal is hereby affirmed.[1]
Affirmed.
BARKDULL and JORGENSON, JJ., concur.
FERGUSON, Judge (dissenting).
This case presents ambush-tactic litigation in its most amateurish form, which we should condemn. In disposing of the case on a technicality, the trial court gave gamesmanship a stamp of approval.
Although I believe the majority has missed the issue, I agree to certify the question because, in my view, compliance with the notice statute is not jurisdictional, but is instead a waivable condition precedent to bringing a medical malpractice action. That follows clearly from the purpose of the statute as set forth in section 768.57(3)(a), Florida Statutes (1987) which provides:
No suit may be filed for a period of 90 days after notice is mailed to the prospective defendant, ... During the 90-day period, the prospective defendant shall conduct a review to determine the liability of the defendant. Each insurer or self-insurer shall have a procedure for the prompt investigation, review, and evaluation of claims during the 90-day period.
The remainder of the subsection places an affirmative duty on the insurer to conduct a review and evaluation of the claim within the ninety-day period.
In Meli v. Dade County School Board, 490 So.2d 120 (Fla. 3d DCA 1986), we held, in construing section 768.28(6), Florida *326 Statutes (1985), which requires similar notice before a negligence action may be instituted against the sovereign, that strict compliance with the notice of claim may be waived. We relied on Rabinowitz v. Town of Bay Harbor Islands, 178 So.2d 9 (Fla. 1965), where the supreme court held:
[W]hen responsible agents or officials of a city have actual knowledge of the occurrence which causes injury and they pursue an investigation which reveals substantially the same information that the required notice would provide, and they thereafter follow a course of action which would reasonably lead a claimant to conclude that a formal notice would be unnecessary, then the filing of such a notice may be said to be waived. If the claimant, as a result of such municipal conduct, in good faith fails to act, or acts thereon to his disadvantage, then an estoppel against the requirement of the notice may be said to arise.
The conduct of the parties in this case should be measured against the rule announced in Rabinowitz, as applied by this court in Meli.
It is true that the notice of intent to institute litigation for medical malpractice was incorrectly addressed to Howard Hoffman when, in fact, the treating doctor was Warren Hoffman. However, both brothers practiced together in the Hoffman Dental Studio. Warren admitted that he had seen the September 10, 1987 letter from attorney Kenneth Liroff notifying Howard Hoffman, pursuant to section 768.57, Florida Statutes (1987), of the initiation of a professional negligence claim by John Ingersoll, a patient at the Dental Studio. CNA Insurance, the insurer for both the Hoffmans, acknowledged in writing that it had notice of the Ingersoll claim including the date of loss, and that the treating dentist was the defendant, Warren Hoffman.
On December 9, 1987, Ingersoll's counsel filed suit against Howard Hoffman. One day later, CNA's claims representative called attorney Liroff and informed him that Warren Hoffman was actually the treating dentist. An amended complaint was immediately filed against both Howard Hoffman and Warren Hoffman. Both defendants answered, never referring to the statutorily required notice of intent. Acting on the insurer's information that Warren should be the named tortfeasor, the Ingersolls, in January 1989, voluntarily dismissed their claim against Howard Hoffman.
On March 20, 1989, at trial, Warren Hoffman filed a motion to dismiss alleging, for the first time, that he had not been served with a notice of intent to initiate litigation for medical malpractice as required by section 768.57(2), Florida Statutes (1987). This appeal is brought from an order granting the motion and dismissing the suit.
What is really at issue here is not whether formal notice was sent, but whether the notice sent was adequate. See e.g., Franklin v. Palm Beach County, 534 So.2d 828 (Fla. 4th DCA 1988) ("We are dealing here with the adequacy of the notice as given"). Conceding, for the sake of argument, that the notice of claim requirement is jurisdictional as the majority maintains, the notice given in this case sufficiently satisfied the statute. Notice was sent to the office of the defendant advising of an intent to sue for injuries suffered by Ingersoll from treatment received at the Hoffman Dental Studio. Based on that notice, which was seen by the defendant, Warren Hoffman, the insurer conducted its own investigation and determined that Howard Hoffman had been incorrectly identified as the treating dentist. The technical defect seized upon by the defendant is not about a total lack of notice. Our focus, accordingly, should be on whether naming Howard instead of Warren in the notice was prejudicial. Franklin v. Palm Beach County.
The notice was otherwise sufficient for all the purposes stated in the notice statute. First, it furnished the defendant with all the information necessary to conduct a pre-suit screening. No claim is made by the defendant that he was prejudiced by the plaintiff's actions. Second, by virtue of the insurer's acknowledgment of receipt of the notice and failure to challenge the sufficiency of the notice until the time of trial, *327 the defense of inadequate notice was waived. Finally, having successfully urged the plaintiffs to amend the complaint to name him as a defendant, the defendant is estopped to assert  now that the statute of limitations would bar a refiling of the action  that he had inadequate statutory notice of an intent to litigate. It has been the position of this court, consistently, that a "gotcha" school of litigation cannot succeed. Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (Fla. 1979).
I would reverse the order of dismissal and remand the case for a trial on the merits.
NOTES
[1] However, as we have heretofore done in Bendeck v. Berry, 546 So.2d 14 (Fla. 3d DCA 1989), we certify to the Florida Supreme Court as of great public importance the following question:

DOES THE FAILURE TO COMPLY WITH THE PRELITIGATION NOTICE REQUIREMENTS OF SECTION 768.57 DEPRIVE THE TRIAL COURT OF SUBJECT MATTER JURISDICTION OF A DENTAL MALPRACTICE ACTION, OR MAY THE LACK OF SUCH NOTICE BE EXCUSED BY A SHOWING OF ESTOPPEL OR WAIVER?