347 So.2d 710 (1977)
SOUTH FLORIDA APARTMENT ASSOCIATION, INC., Appellant,
v.
S.A. DANSYEAR, Appellee.
Nos. 76-679 and 76-1124.
District Court of Appeal of Florida, Third District.
June 14, 1977.
Rehearing Denied July 20, 1977.
Storace, Hall & Hauser and Andrew C. Hall, Miami, for appellant.
Jacobi & Seidler and Raymond M. Seidler, Miami, for appellee.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
*711 HUBBART, Judge.
This case is an appeal from a final judgment entered in favor of the appellee, S.A. Dansyear, in the amount of $12,000 in his action to recover on an alleged debt against the appellant, South Florida Apartment Association, Inc. The appellant assigns as error the trial court finding in favor of the plaintiff and contends that the action herein is barred by the statute of frauds. Section 725.01, Florida Statutes (1975). We affirm.
The final judgment in favor of the appellee recites that a trial was conducted and testimony taken thereon in the trial court. The appellant has failed to include a transcript of this testimony in the record on appeal. Fla.App. Rules 3.6 d(2), e, f. In lieu thereof, the appellant has failed to file a stipulated statement of facts containing the substance of the testimony at the time of the trial in this cause. Fla.App. Rule 3.6 h. It is the responsibility and duty of the appellant to provide the appellate court with a record sufficient to review the matter assigned as error. Gleim v. Gleim, 176 So.2d 610 (Fla.3d DCA 1965) and cases collected. In the absence of such a trial record, we find it impossible to determine whether the evidence at trial established the defense of the statute of frauds as a matter of law. This court, accordingly, has no alternative but to assume that the trial court ruled correctly and affirm the decision below. Reicheck v. Florida Bond and Mortgage Co., 237 So.2d 83 (Fla.4th DCA 1970); Belfield v. Lochner, 162 So.2d 668 (Fla.2d DCA 1964).
The appellant also appeals from an order denying its motion for rehearing on a prior order requiring the appellant to post a supersedeas bond. We dismiss this appeal sua sponte. This court has no jurisdiction to entertain such an appeal since a motion to review a supersedeas order under Fla. App. Rule 5.10 is the proper method to seek appellate relief from an arbitrary or unreasonable supersedeas order. No such motion was filed in this case. Moreover, the supersedeas order complained of is not included in the record on appeal.
Affirmed as to the appeal from the final judgment; dismissed as to the appeal from the order denying the motion for rehearing on the supersedeas order.