PER CURIAM.
The plaintiff Timothy Nemeth appeals from a final summary judgment in a personal injury tort action entered in favor of the defendants John Duncan, Nancy Duncan and their insurer, State Farm Fire & Casualty Co. The final summary judgment reflects that the trial court in part based its ruling on certain photographic evidence. The transcript of the hearing on the motion for summary judgment further reflects that the trial judge extensively reviewed a series of photographs pertinent to this case and specifically requested that these photographs be included in the record on appeal for our review. The appellant has failed to include these photographs in the record before us.
The law is clear that it is the responsibility and duty of the appellant to provide the appellate court with a record sufficient to review the matter assigned as error. South Florida Apartment Ass’n, Inc. v. Dansyear, 347 So.2d 710 (Fla. 3d DCA 1977); Gleim v. Gleim, 176 So.2d 610 (Fla. 3d DCA 1965) and cases collected. Although we have been critical of the use of photographs as a basis for entering a summary judgment, the law is equally clear that in certain limited cases photographic evidence may form the basis for a summary judgment. See: Bess v. 17545 Collins Avenue, Inc., 98 So.2d 490 (Fla.1957); Pividal v. City of Miami, 105 So.2d 502, 504 (Fla. 3d DCA 1958). For failure of the appellant to include in the record on appeal the essential photographs which form in part the basis for the summary judgment herein, we have no alternative but to affirm the judgment below. South Florida Apartment Ass’n v. Dansyear, 347 So.2d 710 (Fla. 3d DCA 1977); Reicheck v. Florida Bond & Mortgage Co., 237 So .2d 83 (Fla. 4th DCA 1970); Belfield v. Lochner, 162 So.2d 668 (Fla. 2d DCA 1964).
Affirmed.