468 So.2d 433 (1985)
Delma ASHLEY, Appellant,
v.
Lawson LAMAR, As Sheriff of Orange County, Florida; John Polk, As Sheriff of Seminole County, Florida; David Weigel and John O'Brien, Jointly and Severally, Appellees.
No. 84-669.
District Court of Appeal of Florida, Fifth District.
May 2, 1985.
*434 Gary E. Doane, of Whitaker & Koepke, Chartered, Orlando, for appellant.
Steven F. Lengauer, of Pitts, Eubanks, Hannah, Hilyard and Marsee, P.A., Orlando, for appellees Lawson Lamar and David Weigel.
Julius F. Parker, Jr., of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for appellees John Polk and John O'Brien.
SHARP, Judge.
Ashley appeals from a dismissal of her complaint against appellees Lawson Lamar, as Sheriff of Orange County, John Polk, as Sheriff of Seminole County, David Weigel, a Deputy Sheriff of Orange County, and John O'Brien, a Deputy Sheriff of Polk County. The essence of her suit was that the two deputies had used excessive force in effecting her arrest, during the course of which she suffered personal injuries.
The appellees filed similar motions to dismiss based on various grounds, but at oral argument, they conceded that the only valid basis for dismissal was Ashley's failure to properly allege that she had complied with the notice provisions of section 768.28(6)(a), Florida Statutes (1983).[1] In her complaint, Ashley alleged that due and proper notices of claims had been given to all proper parties as prescribed by law, and that all other prerequisites and conditions precedent to suit had been complied with.
Looking solely to the allegations of the complaint, we think Ashley adequately pleaded that she gave proper notice. Fla.R.Civ.P. 1.120(c). This then shifted the burden to the appellees to deny with specificity and particularity that the required notices were given and to properly present this issue to the trial court in the context of a summary judgment motion, Fla.R.Civ.P. 1.510, or motion for judgment on the pleadings, Fla.R.Civ.P. 1.140(c).
REVERSED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] This statute provides:

An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing: except that, if such claim is for contribution pursuant to s. 768.31, it shall be so presented within 6 months after the judgment against the tortfeasor seeking contribution has become final by lapse of time for appeal or after appellate review or, if there is no such judgment, within 6 months after the tortfeasor seeking contribution has either discharged the common liability by payment or agreed, while the action is pending against him, to discharge the common liability. The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section. The provisions of this subsection do not apply to such claims as may be asserted by counterclaim pursuant to s. 768.14.