SCHOONOVER, Judge.
Appellant, David G. Eigen, appeals from a final summary judgment foreclosing a mortgage on real estate located in Pinellas County, Florida. We reverse.
Park Bank of Florida instituted proceedings in the trial court by filing a mortgage foreclosure action against Eigen. The bank’s original complaint alleged the existence of the instruments sued upon, and copies of those instruments were attached to the complaint. Before Eigen filed any responsive pleadings, the bank filed an amended complaint, which, except for allegations concerning accrued interest, was substantially the same as the original complaint. The instruments sued upon were neither attached to the amended complaint nor incorporated into it as required by Florida Rule of Civil Procedure 1.130(a).
Eigen filed a motion to dismiss the amended complaint on grounds that the bank failed to allege facts that would place venue in Pinellas County, Florida, failed to plead all conditions precedent to bringing the action, and failed to comply with rule 1.130(a) in that copies of the documents referred to in the amended complaint were not attached thereto.
The bank subsequently filed an instrument entitled “Notice of Filing Exhibits to Amended Complaint” and attached a copy of the instruments sued upon. The notice stated that the exhibits had inadvertently not been attached to the amended complaint at the time of filing. Simultaneously, the bank filed a motion to strike Eigen’s motion to dismiss and to impose sanctions, a motion for summary judgment, an affidavit in support of summary judgment, and an affidavit of attorney’s fees. Eigen then filed an affidavit in opposition to the motion for summary judgment.
*827 At the conclusion of the hearing on these various motions, the court found that Ei-gen’s motion to dismiss was wholly void of legal merit and that it was filed by his attorney in bad faith and purely for the purpose of delaying the progress of the proceedings. The court struck all of Ei-gen’s pleadings, imposed $150 against Ei-gen’s attorney for reasonable attorney’s fees incurred by the bank in opposing the motion to dismiss, and announced that it would enter a summary judgment. The summary judgment was subsequently entered and, after a motion for rehearing was denied, this appeal timely followed. Subsequent to the filing of the notice of appeal, Federal Deposit Insurance Corporation (FDIC) became owner and holder of the instruments subject to the action upon which this appeal is based, and was substituted as a party hereto.
We find that, because the instruments that formed the basis for the bank’s cause of action were neither attached to nor incorporated into the amended complaint as required by rule 1.130(a), Eigen’s motion to dismiss was proper at the time it was filed. The bank’s correction of the deficiency before the hearing on Eigen’s motion to dismiss did not turn the motion into one void of merit; therefore, the court’s conclusion that Eigen’s motion was filed in bad faith and purely for the purpose of delaying the progress of the proceedings was not justified.
We also reject the bank’s contention that the amended complaint was sufficient because copies of the instruments had been attached to the original complaint. Normally, an original pleading is superseded where an amended pleading does not express an intention to save any portion of it. Shannon v. McBride, 105 So.2d 16 (Fla. 2d DCA 1958). In this case, the amended complaint did not adopt any portions of the original complaint or even refer to it. Neither the bank’s furnishing of additional copies of the instruments after Eigen’s motion was filed, nor its argument that Eigen was not prejudiced because the instruments had been furnished to him at an earlier date, turned Eigen’s motion to dismiss, although grounded on a technical deficiency, into one devoid of merit.
We, accordingly, reverse the order striking Eigen’s pleadings and imposing an attorney’s fee as a sanction, and we reverse the resulting summary judgment. Upon remand, Eigen should be given a reasonable opportunity to respond to the complaint, as he now concedes he is able to do.
Reversed and remanded.
RYDER, A.C.J., and CAMPBELL, J., concur.