WHATLEY, Judge.
Robert E. Hughes, Sr. appeals the entry of a summary judgment foreclosing a parcel of real property in Pinellas County. Numerous errors occurred in what should otherwise have been a seemingly simple mortgage foreclosure.
Initially, Home Savings filed a motion to amend the original complaint, citing the failure to correctly identify the interest of a particular defendant and acknowledging that the first page of the complaint was omitted through what was deemed “excusable neglect.” Matters which followed the filing of *650 this motion to amend the complaint constituted neglect but were not excusable. We will address some but not all of those matters.
Hughes answered the original complaint and raised affirmative defenses, including payment. At no time did Hughes answer the amended complaint nor was a default ever entered against him. Subsequently, Hughes hired counsel who filed a motion to dismiss the amended complaint, citing failure to attach copies of exhibits to the amended complaint in violation of Florida Rule of Civil Procedure 1.130. Hughes subsequently cited the case of Eigen v. Federal Deposit Insurance Corp., 492 So.2d 826 (Fla. 2d DCA 1986), in support of his motion to dismiss. Indeed, the amended complaint, while referencing exhibits, had none attached.
The aforementioned motion to dismiss was filed on March 9, 1995. On March 13, 1995, without apparent notice, the trial court denied Home Savings’ motion for summary judgment without prejudice and directed Hughes to file his responsive pleading within seven days. The trial court was apparently unaware of the pending motion to dismiss. Thereafter, on April 24, 1995, once again apparently without notice, the trial court entered an order denying Hughes’ motion to dismiss. This order was prepared by counsel for Home Savings. It contained two flaws. First, a copy of the order was mailed directly to Hughes as opposed to being mailed to his counsel of record. Second, there was no language in the order directing Hughes to file an answer to the amended complaint. Home Savings then moved for summary judgment a second time.
Hughes raises two issues on appeal. The first is that his motion to dismiss was meritorious and should have been granted on the authority of Eigen. The Eigen case is supportive of Hughes’ position. Home Savings concedes that no exhibits were attached to the amended complaint, nor were sufficient allegations raised therein so as to incorporate the exhibits from the original complaint into the amended complaint. The trial court in denying Hughes’ motion for rehearing on summary judgment addressed this issue by stating that:
The sole basis of the motion to dismiss was that the plaintiff had failed to attach copies of exhibits referenced in the amended complaint in violation of rule 1.130, Florida Rules of Civil Procedure. The only exhibits that were referenced in the amended complaint were the note and mortgage, and copies were attached to the complaint in the file. The motion to dismiss, therefore, had no merit.
The fact that such exhibits were attached to the original complaint does not breathe life into the amended complaint which was void of exhibits. The Eigen court stated the following: “We also reject the bank’s contention that the amended complaint was sufficient because copies of the instruments had been attached to the original complaint.” 492 So.2d at 827.
What is most perplexing is that the failure to attach exhibits to the amended complaint could have been cured by Home Savings pursuant to a “Notice of Filing: ORIGINAL DOCUMENTS” on March 2, 1995, by Home Savings. The original documents that were filed were the mortgage and note. The filing of these documents would have had the same curative effect as did the filing of similar documents in the Eigen case. The difference between the instant case and Eigen is that the filing in Eigen was communicated to opposing counsel and the court. Home Savings’ “Notice of Filing: ORIGINAL DOCUMENTS” contained no certificate of service. We are convinced that neither Hughes, his counsel, nor the trial court were aware of the filing of these original documents. Equally perplexing is the fact that such filing of original documents was not mentioned in Home Savings’ answer brief. This court discovered the notice of filing in reading the record on appeal.
Hughes’ second point on appeal is the lack of notice of hearing/notice to Hughes’ counsel and the striking/denial of Hughes’ motion to dismiss without a hearing. There are no notices of hearing regarding Hughes’ motion to dismiss in the record. Hughes, alleges that no such notices of hearing are contained in the court file. Home Savings, in arguing this point, cites Nemeth v. De Lauega, 354 So.2d 418 (Fla. 3d DCA 1978). In Nemeth, *651 the party contesting the entry of summary judgment failed to include photographs in the record on appeal. It was undisputed that such photographs did exist and further that they were the basis for the entry of the summary judgment. Conversely, Hughes is alleging that the notices of hearing simply do not exist. Hughes, therefore, cannot, as Home Savings suggests, supplement the record with something that is not in existence. If these notices do exist, Home Savings could have simply supplemented the record itself and negated this entire argument.
Other matters which cause us concern in reviewing the record on appeal are:
(A) Summary judgment was entered in favor of Home Savings before Hughes filed an answer to the amended complaint. Olin’s, Inc. v. Avis Rental Car System of Florida, Inc., 105 So.2d 497 (Fla. 3d DCA 1958), addresses this point by stating: “When a trial court has for consideration a plaintiffs motion for summary judgment before the defendant has answered, the summary judgment should not be granted unless it is clear that an issue of material fact can not be presented.” Id. at 498. The Olin’s court quotes a federal court case by stating:
But although a motion by a claimant for summary judgment, served before the service of answer to his complaint may not be denied on the ground that it is necessarily and inevitably tendered too early, the general cautions against the allowance of such motions mentioned in the preceding paragraph must be kept in view. And within their teaching, a court must not grant a summary judgment upon motion therefor tendered before the service of an answer, unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact.
105 So.2d at 499. In this case, Hughes had raised the affirmative defense of payment in answering the original complaint.
(B) Without explanation in the record, the name of the mortgagee is different in the style of this case than it is in the documents contained in the record. See Laing v. Gainey Buidlders, Inc., 184 So.2d 897 (Fla. 1st DCA 1966). (C) The notarization segment of the affidavit as to attorney’s fees filed on behalf of Home Savings is blank.
(D) The summary judgment of foreclosure entered in this cause on June 2, 1995, was prepared by Home Savings’ counsel. It contains the following language: “That due and legal service of process has been made upon all of the defendant(s). Defaults have been entered against all defendants who have not timely answered the plaintiffs complaint.” This appears to be a “form book” insertion that does not fit the facts of this case. Specifically, Home Savings was traveling on an amended complaint, and further, Hughes has never been defaulted nor has he ever filed an answer to the amended complaint.
Based on the foregoing, we reverse the summary judgment of foreclosure and remand for proceedings consistent with this opinion.
THREADGILL, C.J., and RYDER, J., concur.