689 So.2d 1189 (1997)
Thomas SCHOPLER, D.D.S., Appellant,
v.
Isaac R. SMILOVITS, Appellee.
No. 95-3419.
District Court of Appeal of Florida, Fourth District.
March 12, 1997.
Gary Gerrard of Gary Gerrard, P.A., Lexington, GA, for appellant.
Jay C. Salyer, Jr. of Jay C. Salyer, Jr., P.A., Boca Raton, for appellee.
FARMER, Judge.
A business transaction between the parties involved the import and sale of sanitary rubber gloves for use in the medical profession. We are here concerned with a fraud claim between two of the transacting parties. The claimant failed to plead his cause of action for common law fraud with the requisite specificity, and that which he did plead related to the performance of unactionable future events. The opponent of the claim waited until the close of all the evidence at trial to move for a dismissal on the grounds of failure to state a cause of action.[1] In denying the motion, the trial judge recalled some evidence, unobjected at trial, that might be consistent with an unpleaded claim of fraud. Then, without any motion to conform the pleadings to the evidence, he deemed the pleadings so amended. He thereupon denied a motion for a directed verdict, as well. We reverse.
Rule 1.140(b)(6) authorizes the motion to dismiss for failure to state a cause of action. Rule 1.140(h)(2), expressly permits the opponent of a claim to wait until trial to move for dismissal on the grounds that the claim has been defectively pleaded. Contrary to the trial court's ruling, there is nothing in the rule that requires the motion to be made at the commencement of trial and before the presentation of any evidence. We are unable to agree that we should read such a requirement into the rule. Although it might seem "efficient" and ostensibly "just" in the eyes of the claimant for the opponent to make the motion earlier rather than later, these considerations are hardly dispositive. There is the defendant's equal right to efficiency and justice.
All parties are equally charged with knowing the law in Florida and recognizing whether a claim has been properly pleaded. Because a motion to dismiss for failure to state a cause of action is not required to be made at the pleadings stage of a lawsuit, the opponent of a claim is entitled to proceed to trial on the claimant's pleading. Common law fraud is a cause of action that must be pleaded with specificity.[2] Due process requires *1190 that the defendant know what he is accused of having misrepresented. Indeed, the claimant is in the best position of knowing what he claims was represented, whether it later turned out to be false, and whether he reasonably relied on the representation. The claimant is not given the luxury of simply pleading "I was defrauded" and then "fleshing out" the claim at trial by proof as to precisely what the fraud was. Facing such a defectively pleaded claim, a defendant is allowed under the rule to wait until all the evidence has been adduced to seek dismissal on the grounds that the claim tried was not pleaded. That is the case here.
Claimant argues that his pleading of fraud should be accepted as sufficient because the rule requires only "such particularity as the circumstances may permit." But claimant asserted nothing below at the time of pleading as to why the circumstances did not permit a specific statement of the particular fraud claim allowed by the trial judge at the close of all the evidence. We read the rule to relax the particularity requirement only when the pleader alleges circumstances showing that the pleader is unable through no fault of his own to plead the fraud with the required specificity. That was not done here, and the attempt to suggest it comes too late on appeal.
Claimant also argues that the trial judge has discretion to allow amendment of pleadings to conform to the evidence.[3] In deeming the pleadings amended without a motion to that effect by the claimant, the trial judge recalled evidence adduced during trial. This evidence was to the effect that the opponent of the claim represented the gloves as "pre-sold", which claimant argues later turned out not to be true. That evidence was indeed admitted without objection, but it was clearly relevant to another issue which had been properly pleaded. We are thus unable to find an implied consent to try this unpleaded claim from a failure to object to evidence on relevance grounds, when the evidence was clearly relevant to other, properly pleaded, issues.
Under the facts and circumstances of this case, waiting until the close of all the evidence and the argument on motions to dismiss and for directed verdict is too late for a claimant to request that the pleadings be conformed to the evidence. See Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp., 537 So.2d 561, 563 (Fla.1988) ("Had [the opponent] waited to object until the presentation of evidence and then moved for a directed verdict, [claimant] would not have been entitled to amend its pleadings and start the case anew."); and Designers Tile International Corp. v. Capitol C Corp., 499 So.2d 4, 5 (Fla. 3d DCA 1986), rev. denied, 508 So.2d 13 (Fla.1987) ("The change in the cause of action allowed by the amendment was, in our view, a material change which under the facts of this case greatly prejudiced the defendants....").
Even if the claimant had properly pleaded the kind of fraud argued at the end of trial and on appeal, there was also clearly a failure of proof. In his own testimony, the claimant stated that he knew that the goods had not been pre-sold, and further acknowledged that this representation was made after the transaction had already taken place. A critical element of a common law fraud claim is reasonable reliance by the representee. See Alexander/Davis Properties, Inc. v. Graham, 397 So.2d 699, 706 (Fla. 4th DCA), rev. denied, 408 So.2d 1093 (Fla.1981); and Nantell v. Lim-Wick Construction Co., 228 So.2d 634 (Fla. 4th DCA 1969). Claimant's own testimony disproves any reliance on such an after-the-fact representation. The trial court thus should have granted the opponent's motion for a directed verdict at the close of all the evidence.
We reverse and remand for the entry of judgment in favor of Schopler on the fraud claim. Having considered all other issues raised on appeal, we deem them moot in light of our disposition of the fraud judgment.
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] See Fla.R.Civ.P. 1.140(b)(6) and (h)(2).
[2] See Fla.R.Civ.P. 1.120(b) ("In all averments of fraud and mistake, the circumstances constituting fraud or mistake shall be stated with such particularity as the circumstances may permit.").
[3] See Fla.R.Civ.P. 1.190(b).