856 So.2d 1054 (2003)
Robert MOTOR & Sandra Motor, etc., Appellant,
v.
CITRUS COUNTY SCHOOL BOARD, Appellee.
No. 5D02-1568.
District Court of Appeal of Florida, Fifth District.
October 3, 2003.
Mark D. Rodriguez of Kovach, Kovach & Rodriguez, P.A., Inverness, for Appellant.
*1055 Charles Tyler Cone of Fowler, White, Boggs, Banker, P.A., Tampa, for Appellee.
THOMPSON, J.
Robert and Sandra Motor sued the Citrus County School Board, on behalf of their son, Alexander, alleging that as a result of the school board's negligence, four-year-old Alexander was injured while playing in a school playground. The Motors appeal the final summary judgment in favor of the school board. We affirm.
Under section 768.28, Florida Statutes (2001), a person who sues a county or other state "agency" must give written notice of the claim to the agency and to the Department of Insurance within three years after the claim accrues.[1]See, e.g., Levine v. Dade County School Board, 442 So.2d 210, 212-13 (Fla.1983) (holding that the complaint against the school board was properly dismissed because the plaintiff failed to provide written notice of the claim to the insurance department as required by section 768.28). After the accident, counsel for the Motors had ongoing written communications about the accident with the school board and its self-insurance administrator, but did not notify the insurance department of the claim.
The Motors eventually sued the school board, but did not allege that they had notified the insurance department of their claim. The school board promptly answered the complaint and asserted as an affirmative defense:
[T]he Defendant invokes all protections and defenses available under § 768.28, Fla. Stat., including but not limited to the statutory cap of damages and that the Plaintiff's claim is barred or limited because they have failed to comply with all conditions precedent to § 768.28, Fla. Stat.
At that point, there remained about three months of the three-year time limit for giving the notice.
There were no further filings until approximately ten months later when the school board moved for summary judgment on the ground that the Motors had not notified the insurance department of the claim. At about the same time the school board filed the motion, it asked the Motors to produce all of their correspondence with the school board and the insurance department. Three months after that, the school board filed the production, which included no correspondence between the Motors and the insurance department, in support of the school board's motion for summary judgment. In addition, the school board filed the affidavit of an administrator in the insurance department, who stated that the department had not received a notice of claim from the Motors. On appeal, the Motors argue that the school board waived or is estopped from asserting the defense.
In Menendez v. North Broward Hospital District, 537 So.2d 89 (Fla.1988), the supreme court explained that notice to the insurance department is an essential element of the cause of action. Id. at 91. A complaint that does not allege departmental notice fails to state a cause of action. Id. The court further explained:
As such, the right to raise this defense is controlled by Florida Rule of Civil Procedure 1.140(h)(2) which provides that:
The defenses of failure to state a cause of action or a legal defense or to join an indispensable party may be raised by motion for judgment on the pleadings or at the trial on the merits in addition to being raised in either a *1056 motion under subdivision (b) or in the answer or reply. The defense of lack of jurisdiction of the subject matter may be raised at any time.
Id. In Menendez, although the defendant did not move for dismissal until four years after the action was filed, and participated in mediation and settlement negotiations, the supreme court held that neither waiver nor estoppel applied to the defendant. Although this may not seem fair, "[a]ll parties are equally charged with knowing the law in Florida and recognizing whether a claim has been properly pleaded." Schopler v. Smilovits, 689 So.2d 1189 (Fla. 4th DCA 1997). Based on Menendez, then, and because it is too late for the Motors to cure the defect in the complaint, the final judgment in favor of the school board is affirmed.
AFFIRMED.
PALMER, J., concurs.
TORPY, J., concurs, specially with opinion.
TORPY, J., concurring specially.
I concur with the majority opinion but write to address a pleading issue. In my view, the "affirmative defense"[1] quoted by the majority is of no consequence here because it is not properly pled with the requisite specificity. Rule 1.120(c), Florida Rules of Civil Procedure, requires that "denial of performance or occurrence [of conditions precedent] shall be made specifically and with particularity." However, because Appellants never pled that they complied with conditions precedent, Appellee was under no duty to make a denial. The quoted "affirmative defense" language, therefore, is superfluous.
The notice requirement set forth in section 768.28(6), Florida Statutes (2002), by definition, is a condition precedent to maintaining a suit against a governmental entity. McSwain v. Dussia, II, 499 So.2d 868, 869 (Fla. 1st DCA 1987). Therefore, a plaintiff must plead compliance with the statute. Ashley v. Lamar, 468 So.2d 433 (Fla. 5th DCA 1985). Under rule 1.120(c), a plaintiff may allege compliance by making a general averment, at which time the burden shifts to the defendant to deny compliance with "specificity" and "particularity." Id. at 434. Gardner v. Broward County, 631 So.2d 319 (Fla. 4th DCA 1994).
Here, Appellant never pled compliance with conditions precedent and, therefore, Appellant's complaint failed to state a cause of action. Menendez v. N. Broward Hosp. Dist., 537 So.2d 89, 91 (Fla.1988). Because of this omission, the burden never shifted to Appellee to deny that the condition had occurred. The fact that the denial is not specific and particular is of no import as the denial itself is surplusage. Thus, no procedural impediment existed that precluded the court from addressing the merits of Appellee's argument.
NOTES
[1] Section 1903 of Chapter 03-261, Laws of Florida, amended the statute to require that the notice be sent to the Department of Financial Services.
[1] The denial of the occurrence of conditions precedent is not an "affirmative defense," which relates only to matters of "avoidance." Fla. R.Civ. P. 1.110(d). Rather, it is a special form of denial that must be pled with specificity. Fla. R.Civ. P. 1.120(c).