865 So.2d 620 (2004)
Danielle WAGATHA, Appellant,
v.
CITY OF SATELLITE BEACH, et al, Appellees.
No. 5D03-1372.
District Court of Appeal of Florida, Fifth District.
January 23, 2004.
Rehearing Denied February 18, 2004.
Danielle Wagatha, Satellite Beach, pro se.
Lamar D. Oxford and G. Clay Morris, of Dean, Ringers, Morgan & Lawton, P.A., Orlando, for Appellees.
*621 GRIFFIN, J.
Appellant, Danielle Wagatha, appearing pro se, appeals the trial court's order dismissing her amended complaint with prejudice. We affirm.
Appellant filed suit against the City of Satellite Beach, Police Chief Lionel Cody,[1] Police Officer Eric Fuller and Lieutenant James Diggers. Appellant alleged that on October 2, 1997, Luis Perez committed an assault and battery upon her and her sister, Marilyn, Perez's estranged wife, in a bar. The complaint stated that Perez was under a restraining order at the time of the incident forbidding him from approaching his wife. Shortly afterward, appellant claimed that she went to the Satellite Beach Police Department to file a criminal complaint against Perez and Lt. Diggers would not allow her to do so. Appellant asserted that the police made remarks to her that they "had made many runs to the sisters [sic] aid when she was married to Mr. Perez the first time they were married, and more, when after their divorce, she remarried him, and that she deserved what she got."
Appellant claims that, as she was leaving the police station, Officer Fuller offered her a ride home which she evidently accepted. She alleged that when Officer Fuller arrived at her house he would not let her exit the police vehicle after learning that her sister lived with her. Appellant maintained that Fuller talked with her sister, ignored her demands to be released, and drove her back to the bar against her will. After Fuller talked with individuals in the bar, he let appellant exit the police vehicle and she walked home.
According to appellant's complaint, Fuller then filed a police report in which he stated that appellant was very intoxicated and barely able to walk or speak coherently. The police report stated that appellant had become very angry and abusive to her sister and appellant had tried to provoke a confrontation. Appellant also maintained that Police Chief Cody followed her home in his car, repeatedly stopped in front of her house, and made threatening gestures with his hand.
This case has a long, confused procedural history in the trial court, which it would serve no purpose to detail here. Appellant, who is appearing pro se in the litigation, has demonstrated a poor understanding of the issues and the procedures applicable to her lawsuit and she has been given more than the usual number of opportunities to plead cognizable claims and to prosecute the litigation.[2] The trial court ultimately concluded, however, that she failed to do so. After examining the record, we agree with the trial court's ruling, with one exception. Taking the arguments in appellant's brief and the allegations in her pleadings as liberally as possible, we conclude that there is a barely adequate claim in count II for false imprisonment and that the trial court erred in granting the motion to dismiss count II for failure to state a cause of action.
Nevertheless, the City correctly contends that there were additional grounds set forth in their dismissal motion that would require dismissal of appellant's complaints. Specifically, the City has raised appellant's failure to satisfy the notice requirements of section 768.28(6), Florida Statutes (2002), which provides:

*622 6)(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Florida Space Authority, presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing; except that, if such claim is for contribution pursuant to s. 768.31, it must be so presented within 6 months after the judgment against the tortfeasor seeking contribution has become final by lapse of time for appeal or after appellate review or, if there is no such judgment, within 6 months after the tortfeasor seeking contribution has either discharged the common liability by payment or agreed, while the action is pending against her or him, to discharge the common liability.
(b) For purposes of this section, the requirements of notice to the agency and denial of the claim pursuant to paragraph (a) are conditions precedent to maintaining an action but shall not be deemed to be elements of the cause of action and shall not affect the date on which the cause of action accrues.
A plaintiff must plead compliance with the statute, although a general averment will suffice. Motor v. Citrus County Sch. Bd., 856 So.2d 1054 (Fla. 5th DCA 2003). "Under section 768.28(6), not only must the notice be given before a suit may be maintained, but also the complaint must contain an allegation of such notice.... Where the time for such notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice." Menendez v. North Broward Hosp. Dist., 537 So.2d 89, 91 (Fla. 1988).
In this instance, appellant alleged that the incident occurred in 1997. Under the statute, appellant had until October 2000 to give notice under the statute. Appellant has not demonstrated that she has fulfilled this requirement or alleged in her complaint that she has given notice.[3] Thus, the trial court's dismissal of Count II of appellant's complaint is sustainable on that basis alone.
AFFIRMED.
SAWAYA, C.J., and MONACO, J., concur.
NOTES
[1] The record at various times addresses the police chief as Cody or Cote.
[2] On appeal, the appellant repeatedly attributes her failures to "bias" on the part of the judges assigned to her case. Our examination of the record reveals patience and courtesy on the part of all the judges.
[3] Appellant does claim in her reply brief that she did actually give the required statutory notice, but the record reference she gives does not support her contention.