907 So.2d 594 (2005)
Elaine SMITH and Mark Smith, Appellants,
v.
ORHAMA INC., d/b/a Flamingo Cab Co., et al., Appellees.
No. 3D04-504.
District Court of Appeal of Florida, Third District.
July 20, 2005.
*595 Elaine Smith and Mark Smith, in proper persons.
Robert A. Ginsburg, Miami-Dade County Attorney, and Eric K. Gressman, Assistant County Attorney, for appellee Miami-Dade County.
Pyszka, Blackmon, Levy, Mowers Kelley and Cindy J. Mishcon, Miami Lakes, for appellees Orhama, Inc. and Joseph Wilner.
Before COPE, C.J., and FLETCHER and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The appellants, Elaine and Mark Smith, were involved in a traffic accident while riding in a taxi driven by Joseph Wilner (Wilner) which collided with a Miami-Dade County bus. The Smiths sued: (1) Orhama, Inc., d/b/a Flamingo Cab Company (Orhama) as owner of the taxi and employer of Wilner; (2) Wilner individually; and (3) Miami-Dade County. The trial court entered directed verdicts in favor of Orhama and Miami-Dade County. The jury returned a verdict in favor of the remaining defendant, Wilner. The trial court granted attorneys' fees and costs to Orhama and Wilner as sanctions against the Smiths for failing to accept a proposal for settlement. We affirm.
The appellants claim that the trial court erred in directing verdicts in favor of Orhama and Miami-Dade County, that the jury instructions and verdict forms were misleading, and that the jury's verdict was contrary to the evidence presented.
The trial court's rulings come before this court with a presumption of correctness. See James v. State, 695 So.2d 1229, 1236 (Fla.1997)("[A] trial court has wide discretion in instructing the jury, and the court's decision regarding the charge to the jury is reviewed with a presumption of correctness on appeal."); Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979)(a trial court's findings come before the appellate court with the presumption of correctness); Lasco Enters., Inc. v. Kohlbrand, 819 So.2d 821 (Fla. 5th DCA 2002)(applying a presumption of correctness to the trial court's decision *596 regarding a directed verdict). The standard of review regarding jury instructions is an abuse of discretion. Howell v. Winkle, 866 So.2d 192, 197 (Fla. 1st DCA 2004). Likewise, the jury's verdict will not be disturbed unless there was no competent evidence to support it or the complained-of errors denied the plaintiffs of their right to a fair trial and due process of the law. See Helman v. Seaboard Coast Line R.R. Co., 349 So.2d 1187, 1189 (Fla. 1977); Espino v. Anez, 665 So.2d 1080, 1081 (Fla. 3d DCA 1996); Kennedy v. State, 385 So.2d 1020, 1023 (Fla. 5th DCA 1980).
The appellants, therefore, have the burden of demonstrating that the trial court abused its discretion in directing verdicts in favor of Orhama and Wilner, abused its discretion in the instructions given, and that there was insufficient competent evidence to support the jury's verdict. As the appellants have failed to submit a transcript of the proceedings below, we conclude that the appellants have failed to meet their burden and that meaningful review is precluded. See Ahmed v. Travelers Indem. Co., 516 So.2d 40, 40 (Fla. 3d DCA 1987)(holding that it is the appellant's burden to provide a record that will overcome the presumption of correctness as to the trial court's findings and that "[w]here there is no record of the testimony of witnesses or of evidentiary rulings, and where a statement of the record has not been prepared pursuant to Florida Rule of Appellate Procedure 9.200(a)(3) or (b)(3), a judgment which is not fundamentally erroneous on its face must be affirmed");[1]South Fla. Apartment Ass'n, Inc. v. Dansyear, 347 So.2d 710, 711 (Fla. 3d DCA 1977)(finding that it is the responsibility of the appellant to provide a sufficient record for review, and that failure to do so leaves the court with no alternative but to assume that the court ruled correctly).
We, therefore, affirm the judgments in favor of the defendants and the sanctions awarded to Orhama and Wilner on July 28, 2004, in the amount of $12,518.00 for attorneys' fees and $11,196.00 for costs.
Affirmed.
NOTES
[1] Rules 9.200(a)(3) and (b)(3) have been renumbered as Rules 9.200(a)(4) and (b)(4), respectively.