WELLS, J.
Affirmed. See Smith v. Orhama Inc., 907 So.2d 594, 596 (Fla. 3 DCA 2005) (observing that it is the appellant’s burden to provide a record that will overcome the presumption of correctness as to the trial court’s findings and that “[wjhere there is no record of the testimony of witnesses or of evidentiary rulings, and where a statement of the record has not been prepared pursuant to Florida Rule of Appellate Procedure 9.200(a)(3) or (b)(3), a judgment which is not fundamentally erroneous on its face must be affirmed” (quoting Ahmed v. Travelers Indem. Co., 516 So.2d 40, 40 (Fla. 3d DCA 1987))); Lisanti v. City of Port Richey, 787 So.2d 36, 37 (Fla. 2d DCA 2001) (observing “[t]he elements for negligence are duty, breach, harm, and proximate cause; the additional elements for a claim of premises liability include the defendant’s possession or control of the premises and notice of the dangerous condition”); Warriner v. Doug Tower, Inc., 180 So.2d 384, 385 (Fla. 3d DCA 1965) (concluding “[t]he plaintiff has failed to provide this court with an adequate transcript of the evidence and it must be assumed, therefore, that there was insufficient evidence to take the case to the jury in view of the order granting the motion for directed verdict”).