958 So.2d 613 (2007)
Stanley PRISKIE and EXA, Inc., Appellants,
v.
Ralph MISSRY, Appellee.
No. 4D06-2710.
District Court of Appeal of Florida, Fourth District.
July 5, 2007.
*614 William Sumner Scott of The Scott Law Firm, P.A., Miami, for appellants.
Steven Warm of Law Offices of Steven Warm, Boca Raton, for appellee.

Corrected Opinion
POLEN, J.
We withdraw the opinion issued on May 30, 2007, and substitute this opinion in its place to correct a scrivener's error.
Appellant, Stanley Priskie appeals a final judgment in favor of Appellee Ralph Missry, awarding Missry $25,000 in damages against Priskie and his corporation, EXA, Inc., jointly and severally. In May of 2004, Missry filed a complaint against Priskie and EXA, Inc., alleging he loaned $20,000 to EXA that had not been repaid. EXA is a publicly traded corporation and Missry and Priskie were both shareholders in the company. Priskie and his wife together controlled 40% of EXA's shares. Priskie had approached Missry about loaning EXA money, and Missry did so. There was no written documentation for the loan, although neither party is disputing it was made. Missry alleged Priskie and EXA owed him $20,000, plus costs and fees. The trial court found that Priskie was personally liable for repayment of Missry's loan and found Missry was owed $25,000. We disagree with the trial court's ruling and reverse.
"The trial court's rulings come before this court with a presumption of correctness." Smith v. Orhama, Inc., 907 So.2d 594, 595 (Fla. 3d DCA 2005). "Generally, the rule is that the corporate veil will not be pierced absent a showing of improper conduct." Seminole Boatyard, Inc. v. Christoph, 715 So.2d 987, 990 (Fla. 4th DCA 1998).
Three factors must be proven by a preponderance of the evidence: (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant.
Id. Stated succinctly, in order to pierce the corporate veil, a plaintiff is required to prove both that the corporation is a mere instrumentality or alter ego of the defendant and that the defendant engaged in *615 "improper conduct." Id. (quoting Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114, 1120-21 (Fla.1984)).
At trial, the parties presented testimony and evidence regarding the circumstances surrounding the loan. According to Priskie's deposition, he approached Missry for a loan because "my family and friends and I have been contributing money every week to pay the expenses of the company, and we were running very tight, very short." Priskie was the chairman of the board and treasurer for EXA. When he approached Missry about the loan, Priskie denied representing that he was acting in any other capacity other than as a representative for EXA. When Missry agreed to loan Priskie the money, Priskie asked that $4,000 be given to Barry Jones, an EXA employee, and $14,000 be given to EXA directly. Priskie planned on repaying the loan from an expected distribution from a personal real estate venture. Any funds that did not go to Missry would be used to fund EXA.
On cross-examination, Missry's counsel questioned Priskie about the purpose of the loan and the fact that Priskie's deposition revealed that he and his family had been funding the corporation. Priskie denied that "part of the reason for the loan was to negate [his] personal obligation or need to take funds out [his] pocket to fund the company." Priskie agreed he needed outside help to fund the company.
In finding that Priskie was personally liable for the loan, the trial court stated "there wasn't a distinction between his actions and the actions of the corporation." We disagree and find there was no evidence presented of improper or fraudulent conduct in this case. There was no dispute at trial that Priskie used the money to fund EXA and not for any personal purpose. While Priskie had been personally funding EXA and was using the loan to help relieve the pressure to him and his family, we find this does not constitute improper conduct on his part. It is not improper for a shareholder or officer of a corporation, with the corporation's knowledge and consent, to loan his personal funds to the corporation for payment of corporate debts nor does it give rise to personal liability. On the other hand, taking out corporate funds without authorization, which is not at issue in this case, is another matter altogether. There was no evidence presented at trial that Priskie used the loan for anything other than EXA purposes, or that he intended to defraud or mislead Missry.
Missry argues Priskie's plan to pay him back out of income from a personal investment proves his personal liability and that Priskie's actions were not authorized by EXA. We find this argument unpersuasive. All of the checks Missry received in payment for the loan were from EXA. Priskie never wrote Missry a personal check and testified he intended to put the income from his personal investments back into EXA and issue Missry a check from EXA. While there was no initial corporate resolution authorizing EXA to acquire a loan from Missry or to issue the repayment checks to Missry, EXA's board of directors later acknowledged the issuance of the checks and affirmed they were appropriately issued. Subsequent ratification cures any improper action. See Jupiter Mortg. Corp. v. Bank of Am., N.A, 871 So.2d 1019 n. 1 (Fla. 3d DCA 2004). We find there was no evidence presented that would allow the trial court to pierce EXA's corporate veil and hold Priskie personally liable for Missry's loan to EXA. We reverse the trial court's decision with regard to Priskie's liability.
Priskie and EXA also appeal the trial court's award of $25,000 to Missry, arguing $5,000 of this amount had already been *616 paid. Missry concedes this point on appeal. We find the trial court erred in determining Missry was owed $25,000. The original loan was for $20,000. While the evidence supports the conclusion that EXA, through Priskie, promised to pay $5,000 in interest, the evidence also shows that Missry received $5,000 in payment toward the loan. This leaves a debt of $20,000, not $25,000. Therefore, we reverse and remand this issue with instructions for the trial court to amend the final judgment to find EXA liable for $20,000, plus interest from the date of judgment, and to delete any liability as to Priskie individually.
WARNER and HAZOURI, JJ., concur.