**Ryan Christopher FLETCHER; Henry Harris; and Charles Williams, Plaintiffs,**

v.

**CITY OF MIAMI, et al., Defendants.**

Case No. 07–22954–CIV.

United States District Court, S.D. Florida, Miami Division.

July 11, 2008.

Andrea Costello, New York, NY, for Plaintiffs.

Christopher Allan Green, Miami City Attorney's Office, Rachel Entman, U.S. Attorney's Office, Miami, FL, Ronald Jay Cohen, Cohen & Rind, P.A., Miami Lakes, FL, for Defendants.

### ORDER ON MOTION TO DISMISS COUNT NINE OF THE SECOND AMENDED COMPLAINT

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** came before the Court upon Defendant, City of Miami's Motion to Dismiss Count Nine of Plaintiffs' Second Amended Complaint [D.E. 39]. The Court has carefully considered the parties' written submissions, the pleading, and applicable law.

## I.  BACKGROUND

This civil rights action arises from the arrest of Plaintiffs on November 15, 2003.

The arrests preceded the Free Trade Area of the Americas ("FTAA") ministerial hearings, which took place in Miami, Florida on November 20, 2003. In all, there were nearly 300 people arrested and over 200 prosecutions stemming from protests of the FTAA. (*See Plaintiffs' Second Amended Complaint ("SAC")* [D.E. 37] at ¶ 1).

In preparation for the FTAA meetings, the Miami Police Department ("MPD") directed a multi-agency task force, including more than two dozen local law enforcement agencies, seven state agencies and seven federal law enforcement agencies, in carrying out a policy "to prevent violence" by using a "heavy police presence to limit protest." (*Id.*) (internal quotation marks and emphasis omitted). The policy, pursuant to a joint federal and local operation developed under the direction of Homeland Security, required the multiple agencies to "submit to a single plan and command" with the City of Miami ("City of Miami") and MPD taking a "primary leadership role." (*Id.* at ¶ 20). Defendant, City of Miami, and MPD, together with the FTAA Legal Training Committee, developed Rules of Engagement and broke down the command structure into two separate, but integrated, elements: the Miami Police Department Steering Committee and the Joint Law Enforcement Command. (*See id.*). The Joint Law Enforcement Command, which consisted of the heads of the agencies, or their delegated representatives, was assigned a significant role in the security of the FTAA meetings. (*See id.*).

Plaintiffs, Ryan Christopher Fletcher ("Fletcher") and Charles Williams ("Williams"), arrived in Miami on or about November 15, 2003 and planned to participate in a November 20, 2003 rally and march sponsored by the AFL–CIO. (*See id.* at ¶ 5). Plaintiff, Henry Harris ("Harris"), was also in Miami for the FTAA protests but planned only to serve as a legal observer with the National Lawyers Guild. (*See id.* at ¶ 6).

On the afternoon of November 15, 2003, Fletcher and his friend, Farah Fosse, planned to meet up with Williams and Williams' friend, Paul Bame ("Bame") in downtown Miami. (*See id.* at ¶ 5). Just prior to their planned meeting, Williams observed Defendants detain and subsequently arrest Fletcher, who was talking on his cell phone.[1] (*See id.* at ¶ 7). At the time of Fletcher's arrest, Williams was standing on the sidewalk across the street from Fletcher, while Bame photographed the police action. (*See id.*). Williams was subsequently arrested along with four other individuals.[2] (*See id.*). Meanwhile, Harris was informed of nearby police action and proceeded to the location, where he observed Fletcher, Williams, and their two friends being detained by Defendants. (*See id.* at ¶ 6). Harris alleges he asked one of the police officers what had happened, but received no answer and was told to stand with several nearby on-lookers.[3] (*See id.*). Harris complied with this

---

1. Fletcher was arrested by Defendants, Gregory Pelham ("Pelham"), Clifford Townsend ("Townsend"), James Sayih ("Sayih"), Jose Pastor ("Pastor") and Peter Romero ("Romero"). (*See SAC* at ¶ 5). Pelham signed Fletcher's arrest form. (*See id.*). Sayih allegedly "repeatedly directed derogatory remarks" at Fletcher while detaining him. (*Id.*).

2. Williams was arrested by Defendants Pelham, Townsend, Sayih, Pastor, and Romero. (*See id.* at ¶ 7). Defendant, Francisco Balbuena ("Balbuena"), signed Williams' arrest form. (*See id.*)

3. Harris believes he was told to move away by Defendants Townsend, Sayih, and Balbuena. (*See id.* at ¶ 6). Defendant, Fernando Figueroa ("Figueroa"), signed Harris' arrest form. (*See id.*).

request, but was subsequently arrested. (*See id.*).

Fletcher, Williams, and Harris (collectively, "Plaintiffs") were each charged with obstruction of a sidewalk.[4] (*See id.* at ¶¶ 5–7). They were each held in custody for approximately six hours and then released without a bond hearing. (*See id.*). Plaintiffs contend they were subjected to an interrogation about their political beliefs by individuals who identified themselves as Federal Bureau of Investigation ("FBI") agents. (*See id.*). Plaintiffs were subsequently "booked" and released on their own recognizance. (*See id.*). All charges against the Plaintiffs were dismissed in May 2004. (*See id.*).

In their SAC, Plaintiffs assert a number of federal civil rights claims and state law tort claims against the City of Miami, Michael Chertoff ("Chertoff"),[5] Michael Mukasey ("Mukasey"),[6] and the individual law enforcement officers involved in the arrests and Plaintiffs' subsequent detention. Count Nine of the SAC is a state law false arrest claim against the City of Miami. (*See SAC* at ¶¶ 74–77). Plaintiffs allege that "[t]he individual Defendants, while acting as officers and agents [of the City of Miami] and acting in the course of their employment, intentionally and forcefully restrained Plaintiffs when they detained, handcuffed, and took them into custody without probable cause or reasonable suspicion." (*Id.* at ¶ 75). Additionally, paragraph 19 of the SAC alleges that "[i]n doing each of the violations of law complained of herein, Defendants, their officials, agents and employees, were acting

under color of law," and such acts "were willful, wanton, and malicious and displayed a conscious disregard for, and deliberate indifference to, Plaintiffs' constitutional rights . . . ." (*Id.* at ¶ 19).

Defendants now move to dismiss Count Nine on the grounds that (1) Plaintiffs have failed to allege the manner in which sovereign immunity was waived as required for their state law false arrest claim; and (2) the City of Miami is immune from liability because Plaintiffs alleged the actions of the individual officers were willful and malicious with a conscious disregard for Plaintiffs' rights. The undersigned considers these arguments in turn.

## II. *LEGAL STANDARD*

### A. Motion to Dismiss Standard

A motion to dismiss a complaint for failure to state a claim requires that a court accept the facts pleaded as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness,* 711 F.2d 989, 994–95 (11th Cir.1983). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . .'" *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Nevertheless,

---

**4.** Fletcher was also charged with resisting arrest without violence (*see id.* at ¶ 5), and Harris was also charged with obstruction of justice (*see id.* at ¶ 6).

**5.** Chertoff is sued in his official capacity only as the Secretary of the United States Department of Homeland Security. (*See id.* at ¶ 9).

**6.** Mukasey is the Attorney General of the United States and is sued in his official capacity only as head of the Department of Justice. (*See id.* at ¶ 10).

"[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." *Twombly,* 127 S.Ct. at 1964–65 (citations omitted). "[A] complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Davis v. Coca–Cola Bottling Co. Consol.,* 516 F.3d 955, 974 (11th Cir.2008) (quoting *Twombly,* 127 S.Ct. at 1965).

## III. ANALYSIS

### A. Failure to Allege Waiver of Sovereign Immunity

The City of Miami argues that Count Nine of the SAC should be dismissed because Plaintiffs have failed to allege compliance with the statutory notice provision of Florida Statute Section 768.28. Section 768.28 sets forth the conditions by which "the state, for itself and for its agencies or subdivisions" waives sovereign immunity with respect to its liability for torts. Fla. Stat. § 768.28(1). Specifically, it provides that

> An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Florida Space Authority, presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing.

Fla. Stat. § 768.28(6)(a).

▇▇ Plaintiffs do not dispute that Section 768.28 is applicable to the City of Miami. Indeed, they note their reliance upon it in their opposition papers. "Satisfaction of the Florida notice requirements [set forth in Fla. Stat. § 768.28(6)(a) ] is a condition precedent to maintaining a lawsuit, and the complaint must contain an allegation that such notice was given." *Diversified Numismatics, Inc. v. City of Orlando, Fla.,* 783 F.Supp. 1337, 1347 (M.D.Fla.1990) (citing *Commercial Carrier Corp. v. Indian River County,* 371 So.2d 1010, 1022–23 (Fla.1979) (additional citation omitted)); *accord Wagatha v. City of Satellite Beach,* 865 So.2d 620, 622 (Fla. 5th DCA 2004) ("A plaintiff must plead compliance with the statute, although a general averment will suffice.") (citing *Motor v. Citrus County Sch. Bd.,* 856 So.2d 1054, 1055 (Fla. 5th DCA 2003)). The SAC does not cite Section 768.28(6)(a) or otherwise reference any attempt to provide the required statutory notice. Count Nine, therefore, must be dismissed on this basis.

▇▇ "A complaint that is brought without first providing statutory notice must be dismissed with leave for plaintiff to amend his complaint to allege compliance with the notice requirement." *Id.* (citation omitted). However in instances, "[w]here the time for such notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice." *Wagatha,* 865 So.2d at 622 (quoting *Menendez v. North Broward Hosp. Dist.,* 537 So.2d 89, 91 (Fla.1988)). The claims at issue in this matter accrued, at the latest, upon the dismissal of the charges against Plaintiffs in May 2004. Therefore, if Plaintiffs have failed to provide statutory notice of their claims to the City of Miami, the time for providing such notice has expired. The record before the court does not indicate

whether or not statutory notice was ever provided. Accordingly, Count Nine of the Amended Complaint is dismissed without prejudice. To the extent that Plaintiffs have provided the required notice, they are granted leave to properly replead the count.

### B. City of Miami's Liability for the Conduct of its Employees

■ Even if Plaintiffs had adequately plead their satisfaction of the notice requirements of Section 768.28(6)(a), Count Nine also fails because Plaintiff's are barred from bringing a claim against the City of Miami on the basis of conduct by the individual Defendants that was wanton or malicious. Section 768.28(9) states that:

> The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9).

■ "Accordingly, Florida courts have routinely held that a governmental entity may not be held liable where its employee's actions were malicious, in bad faith, or showed reckless and wanton disregard for human rights, safety, or property." *Moore v. Miami–Dade County,* 502 F.Supp.2d 1224, 1235 (S.D.Fla.2007) (citing cases). For instance in *Willis v. Dade County Sch. Bd.,* the district court of appeal affirmed the trial court's determination that a complaint "which allege[d] a 'malicious' assault and battery fail[ed] to state a cause of action [against the County] pursuant to Section 768.28...." 411 So.2d 245, 246 (Fla. 3d DCA 1982) (citing *District School Board of Lake County v. Talmadge,* 381 So.2d 698, 702–03 (Fla.1980) (state immune from suit when state employee did not act

within scope of employment or acted in bad faith or with malicious purpose)). Paragraph 19 of the SAC alleges that "[i]n doing each of the violations of law complained of herein, Defendants, their officials, agents and employees, were acting under color of law" and such acts "were *willful, wanton, and malicious* and displayed *a conscious disregard for, and deliberate indifference* to, Plaintiffs' constitutional rights...." (*SAC* at ¶ 19) (emphasis added). As plead, therefore, Plaintiffs' state law false arrest claim against the City of Miami must be dismissed.

### IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the City of Miami's Motion to Dismiss Count Nine of the Second Amended Complaint **[D.E. 39]** is **GRANTED.** Count Nine of the Second Amended Complaint **[D.E. 37]** is **DISMISSED.** Plaintiffs are granted leave to replead the count to the extent they are able to do so in conformity with this Order. Plaintiffs shall have until **July 24, 2008** to amend their pleading.