NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROD KHLEIF,                                          )
                                                     )
            Appellant,                               )
                                                     )
v.                                                   )          Case No. 2D15-4853
                                                     )
BANKERS TRUST COMPANY OF                             )
CALIFORNIA, N.A. AS TRUSTEE ON                       )
BEHALF OF THE CERTIFICATEHOLDERS)
VENDEE MORTGAGE TRUST 2001-1                         )
UNITED STATES VETERAN AFFAIRS                        )
GUARANTEED REMIC PASS-THROUGH                        )
CERTIFICATES; DAVID SANDERSON;                       )
DAVID SANDERSON, LLC; CHARLOTTE                      )
COUNTY; UNITED STATES OF AMERICA,)
ACTING ON BEHALF OF THE                              )
SECRETARY OF HOUSING AND URBAN                       )
DEVELOPMENT,                                         )
                                                     )
            Appellees.                               )
_____)

Opinion filed March 31, 2017.

Appeal from the Circuit Court for
Charlotte County; Michael T. McHugh,
Judge.

Eric J. Chrisner of Alliance Legal Group,
PL, Sarasota, for Appellant.

Matthew L. Schulis of Albertelli Law,
Tampa, for Appellee Bankers Trust.

No appearance for remaining Appellees.

SILBERMAN, Judge.

Rod Khleif appeals a final judgment of foreclosure in favor of Bankers Trust Company of California, N.A. Khleif contends that the trial court should have granted his motion for involuntary dismissal made at the close of trial. He contends Bankers Trust failed to state a cause of action and prove an agreement existed when only the short-form mortgage was attached to the amended complaint and introduced into evidence, but the master-form mortgage was not attached or introduced. Because the short-form mortgage and mortgage note were sufficient prima facie evidence of an agreement, we affirm the final judgment.

The short-form mortgage and "mortgage note" were attached to the amended complaint and entered into evidence as exhibits at trial, along with other documents. The mortgage note and short-form mortgage were entered into between David Sanderson, the prior owner of the property, and the Secretary of Veterans Affairs. The short-form mortgage references the master-form mortgage that is recorded in the public records. Khleif raised only one affirmative defense in his answer and affirmative defenses to the amended complaint, lack of standing, but he did not argue that affirmative defense at trial.

Khleif contends on appeal that a party may wait to the close of the evidence to make a motion to dismiss for failure to state a cause of action. Schopler v. Smilovits, 689 So. 2d 1189, 1189 (Fla. 4th DCA 1997), which Khleif relies upon, supports that proposition. Florida Rule of Civil Procedure 1.140(b)(6) allows a motion to dismiss for failure to state a cause of action, and rule 1.140(h)(2) allows a party to make that motion at trial. Schopler, 689 So. 2d at 1189. The rule does not require the motion

- 2 -

be made before the presentation of evidence. Id. In Schopler, the appellate court determined that the defendant could wait until all the evidence had been adduced to seek dismissal on the basis that the plaintiff had failed to plead fraud with the required specificity. Id. at 1190.

In this mortgage foreclosure proceeding, one of the elements that Bankers Trust is required to establish is an agreement. See Kelsey v. SunTrust Mortg., Inc., 131 So. 3d 825, 826 (Fla. 3d DCA 2014) (citing Ernest v. Carter, 368 So. 2d 428, 429 (Fla. 2d DCA 1979)). Khleif contends that Bankers Trust failed to state a cause of action and failed to establish the element of an agreement because Bankers Trust did not prove the terms of the mortgage contained in the master-form mortgage. Bankers Trust contends that the contents of the short-form mortgage are sufficient to establish prima facie evidence of an agreement.

Florida Rule of Civil Procedure 1.130(a) (2015) provides that all contracts "upon which action may be brought or defense made, or a copy thereof <u>or a copy of the portions thereof material to the pleadings</u>, shall be incorporated in or attached to the pleading."[1] (Emphasis added.) Khleif has cited no case providing for dismissal at the

---

[1]Rule 1.130 was amended effective January 1, 2017. See In re Amendments to the Fla. Rules of Civil Procedure, 199 So. 3d 867, 868, 870 (Fla. 2016). The amendment does not affect our analysis. Rule 1.130(a) now states as follows:

> (a) Instruments Attached. All bonds, notes, bills of exchange, contracts, accounts, or documents on which action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, must be incorporated in or attached to the pleading. No documents shall be unnecessarily annexed as exhibits. The pleadings must contain no unnecessary recitals of deeds, documents, contracts, or other instruments.

end of trial when a short-form mortgage was attached and introduced at trial but the master-form mortgage recorded in the public records was not attached and introduced. In <u>Hughes v. Home Savings of America, F.S.B.</u>, 675 So. 2d 649, 650 (Fla. 2d DCA 1996), this court determined that a trial court should have granted a motion to dismiss when the exhibits, a note and mortgage, were not attached to the amended complaint. This court stated that "[t]he fact that such exhibits were attached to the original complaint does not breathe life into the amended complaint which was void of exhibits." <u>Id.</u>  Unlike <u>Hughes</u>, in this case a mortgage and note were attached and introduced in evidence, albeit not the entire mortgage.

While the better practice is to attach to the pleading and introduce into evidence both the short and long-form mortgages, the short-form mortgage combined with the mortgage note provided prima facie evidence of an agreement.  Based on the provisions of both the mortgage note and short-form mortgage, which were introduced into evidence without objection, Bankers Trust presented prima facie evidence of the terms of the agreement.  Therefore, we affirm the final judgment of foreclosure.

Affirmed.


BLACK and ROTHSTEIN-YOUAKIM, JJ., Concur.