# Third District Court of Appeal

## State of Florida

Opinion filed October 18, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0738
Lower Tribunal No. 18-8374
_____


**John Pomeroy,**
Appellant,

vs.

**Griffin Windows and Doors, LLC, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Montalto Legal, LLC and Stephen Montalto, for appellant.

Delgado Vega PLLC and Daniel R. Vega and Arielle J. Brazeal, for appellees.


Before FERNANDEZ, LINDSEY and LOBREE, JJ.

PER CURIAM.

Affirmed.  See Mole v. First Fed. Sav. & Loan Ass'n, 674 So. 2d 144

(Fla. 5th DCA 1996) (trial court did not err in granting judgment in accordance with motion for directed verdict where plaintiff failed to present proof of proper measure of damages, which was difference between contract price and reasonable cost to complete improvements); <u>Grossman Holdings, Ltd. v. Hourihan</u>, 414 So. 2d 1037 (Fla. 1982) (homeowners not entitled to total breach damages where house was built in opposite direction of that specified in contract, and having house torn down and rebuilt to original specifications would constitute economic waste; homeowners were entitled to any difference in value as of date of delivery between house homeowners contracted for and house that was ultimately built, and burden was on homeowners to prove any such difference); <u>see also</u> <u>Ponn v. Metro Express, Inc., et al.</u>, No. 3D22-991, 2023 WL 5731753 (Fla. 3d DCA Sept. 6, 2023) ("The choice to provide piecemeal transcripts deprived this Court of the ability to review the record as a while.  Absent a full transcript, this Court cannot determine whether the evidence presented . . . at trial supported her argument . . . ."); <u>Solomon v. New ERA Meat No. 2</u>, 961 So. 2d 989, 989 (Fla. 3d DCA 2007) (stating "it is the appellant's burden to provide a record that will overcome the presumption of correctness as to the trial court's findings" (quoting <u>Smith v. Orhama, Inc.</u>, 907 So. 2d 594, 596 (Fla. 3d DCA 2005))); <u>S. Fla. Apartment Ass'n, Inc. v. Dansyear</u>, 347 So. 2d 710, 711 (Fla.

3d DCA 1977) (holding that appellant's failure "to provide the appellate court with a record sufficient to review the matter assigned as error" leaves appellate court "no alternative but to assume that the trial court ruled correctly").